(85 Misc. Rep. 426)

### GAUL v. GOLDBURG FURNITURE & CARPET CO., Inc.

(Supreme Court, Appellate Term, First Department. May 7, 1914.)

SALES (§ 481*) — CONDITIONAL SALES — REMEDIES OF PURCHASER — STATUTORY PROVISION.

Personal Property Law (Consol. Laws, c. 41) § 65, providing that, whenever articles are sold upon the condition that the title thereto shall remain in the vendor until the payment of the purchase price, and the same are retaken, they shall be retained by the vendor for 30 days, during which time

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the vendee may comply with the terms and receive the property, and that, after the expiration of such period, the vendor may sell, etc., and unless he does so sell within 30 days thereafter the vendee may recover the amount paid on such articles, has no application, where the vendor took a chattel mortgage back to secure the purchase price.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1449–1455; Dec. Dig. § 481.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Adam Gaul against the Goldburg Furniture & Carpet Company, Incorporated. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

Joseph Rubin, of New York City, for appellant.

Morris Berger, of New York City, for respondent.

LEHMAN, J. The plaintiff purchased from the defendant certain furniture and agreed to pay for it in installments. At the time of the purchase the plaintiff executed a chattel mortgage upon the furniture as security for the payment of the purchase price. The plaintiff paid installments of $190, and then defaulted in the payment of the further installments, and the defendant thereupon took possession of the goods under the chattel mortgage. The plaintiff then brought suit, and has recovered judgment for the sum of $190 paid to the defendant, upon the theory that, because the furniture was not sold within a period of 30 days after it was retaken, he is entitled under the provisions of section 65 of the Personal Property Law (Consol. Laws, c. 41) to recover the amount paid on the furniture.

The section of the Personal Property Law upon which the plaintiff relies applies only "whenever the articles are sold upon the condition that the title thereto shall remain in the vendor or in some person other than the vendee until the payment of the purchase price or until the occurrence of a future event or contingency." The section, therefore, has no application unless the title to this furniture has by the terms of the sale *remained* in the vendor. In this case, however, the defendant has retaken the chattels, not under a claim that title remained in it, but under a claim that it was given this right by a chattel mortgage made by the purchaser. "A chattel mortgage cannot be given unless the mortgagor had title." Tweedie v. Clark, 114 App. Div. 296, at page 300, 99 N. Y. Supp. 856, at page 858. And it would therefore appear that the actual agreement of sale was that title should immediately pass to the vendee, and that he should then immediately transfer to the vendor the title to the goods by chattel mortgage.

While the chattel mortgage was given as security for the payment of the purchase price, and the vendor parted with its title only upon the agreement that legal title should instantly be retransferred to it by the chattel mortgage, yet it did actually part with the title in order to obtain rights of a different kind from those which it would have had if it had retained title until the purchase price was paid, and the ven-

dee did actually accept title under his purchase, although simultaneously therewith he parted with the actual legal title so accepted. As was said in Tweedie v. Clark, supra:

"The purchase price of an article sold may be secured in either of two ways: First, by a conditional sale, through which the title is reserved in the vendor until the purchase price is paid; secondly, by a chattel mortgage given back by the purchaser. While the object to be accomplished by either form of security is substantially the same, the rights of the parties under the two forms of security are materially different."

It seems to me that it was the intention of the Legislature to provide for equitable dealings between the parties when they chose to enter into a contract of sale, whereby the purchase price was secured by the first method; but the statute does not forbid the parties to secure the purchase price by the second method, and is not applicable to a sale where the parties agreed that the purchase price should be secured by a transfer of title to the vendee, and a simultaneous execution of a chattel mortgage, even though the legal effect of the chattel mortgage be the immediate revesting of title in the vendor. The transfer of title to the vendee under such circumstances is not a mere fiction, but is an act by which each party has secured rights which could not have been secured if title had not passed at least for a moment to the vendee.

These views are fortified by the recent decision of the Appellate Term of the Second Department in the case of McMail v. Michaels, 147 N. Y. Supp. 516.

It follows that the judgment should be reversed, with costs, and the complaint dismissed, with costs.. All concur.