FRANK NORDONE, Respondent, *v.* F. C. AUSTIN DRAINAGE
EXCAVATOR COMPANY, Appellant.

Second Department, July 31, 1918.

Chattel mortgage — conditional sale — validity of provisions in
contract affecting procedure by statute — provision in contract
for retaking of property invalid — validity of provision permitting
seller to elect to take chattel mortgage upon acceptance of property.

Terms in a contract for the conditional sale of property waiving or thwarting
the procedure provided by the Personal Property Law are against public
policy.

Provisions in a contract for the conditional sale of personal property for
the retaking thereof are void, and their place will be supplied by the pro-
visions of the statute.

A provision in a contract for conditional sale that the seller may elect to
request a chattel mortgage upon the delivery of the property is valid and
effective, where the seller did so elect during the time the property was
under demonstration so that the security of the mortgage was effective
at the time of the acceptance of the property and rendered the provision
for the conditional sale and for action in case of default without effect.

APPEAL by the defendant, F. C. Austin Drainage Excavator
Company, from a judgment of the Supreme Court in favor
of the plaintiff, entered in the office of the clerk of the county
of Westchester on the 10th day of January, 1918, upon the
verdict of a jury rendered by direction of the court, and also
from an order entered in said clerk's office on the 2d day of
February, 1918, denying defendant's motion for a new trial
made upon the minutes.

*C. E. Thornall*, for the appellant.

*Dorman T. Connet*, for the respondent.

THOMAS, J.:

The defendant sold the plaintiff a trenching machine
and the latter has recovered the amount paid thereon, with
some sums advanced for defendant's use, upon the theory that
it was a conditional sale, and that the defendant upon retaking
did not observe the Personal Property Law (Consol. Laws,
chap. 41 [Laws of 1909, chap. 45], § 65 *et seq.*) in selling it. It
is the defendant's contention that the property was seized and

sold under a chattel mortgage given by the vendee, to which plaintiff responds that the decision in this State is, that it is against public policy to allow a contract for the sale of property reserving title in the vendor to provide for giving a chattel mortgage, the enforcement of which would substitute procedure on retaking the property inconsistent with the statutory method obtaining in case of a conditional sale. To such contention of plaintiff the defendant replies that it was the intention of the parties that the machine should be taken and tried by the plaintiff, and that during such trial and before acceptance and delivery, as well as thereafter, the provision for conditional sale should apply, unless upon delivery the vendor should elect that title should vest in the vendee and a chattel mortgage be given by him to secure the purchase price, and that there were such trial, acceptance and delivery, the vesting of title, the giving of the chattel mortgage and retaking and sale thereunder. The parties had the undoubted right to contract for a conditional sale, or for an absolute sale with the security of the mortgage. It is obvious that the two forms of contract could not co-exist, as one involves the retention of title in the vendor, and the other the vesting of title in the vendee. But the parties may select either method, and it becomes conclusive, and if the contract is obscure as to the one chosen, the court must discover the intention of the parties in that regard. (*Tweedie* v. *Clark,* 114 App. Div. 296.) It may, however, be said in this connection that, even if it were possible to combine the two methods so as to keep them concurrently pending, the decision in this State condemns as against public policy any terms in a contract for the conditional sale of property that waives or thwarts the procedure provided by the statute relating to conditional sale. The subject received notice in *Roach* v. *Curtis* (191 N. Y. 387), where the parties agreed that upon default the vendor could retake and sell at private sale, and the right to so depart from the statute was doubted in the opinion. But the decision passed upon another ground. The doubt there expressed became a determination in *Crowe* v. *Liquid Carbonic Co.* (208 N. Y. 396) and *Adler* v. *Weis & Fisher Co.* (218 id. 295). In the first case the terms waiving the statutory procedure were in the contract itself, while

in the second case there was an attempted waiver not expressed in the contract. In both instances the departure from the statute was deemed void. There may, however, be " a new agreement founded upon a new consideration made after a default." So it is said in *Adler* v. *Weis & Fisher Co. (supra).* With such finality in decision; the question is whether in the present contract the provision for a chattel mortgage was grafted upon a contract for a conditional sale, so that in intention or in fact it would, if valid, defeat the operation of the statute. The defendant's view is that the two did not live at the same time, but that when the chattel mortgage came into existence the conditional sale disappeared, and that upon its execution and delivery the parties had the legal status of an absolute vendor and vendee. I do not discover judicial suggestion that parties may not select either method for securing the purchase price, or may not substitute one method for the other, but I would say that the thought is that the contract may not provide for a conditional sale enforcible as if it were a chattel mortgage, nor may the parties stipulate that the conditional sale shall have any continuance or semblance of reality with an outstanding chattel mortgage — a condition impossible in itself. With such consideration it remains to examine the present transaction and what was done under it. There is a diversity of residence, as the plaintiff is a resident of New York and the defendant of Illinois. The contract was executed by the plaintiff here, and by the defendant in Chicago. The sale was negotiated by defendant's agent in New York. I infer that the machine was for use in road work. It was received by plaintiff and used on Long Island. The contract is dated June 30, 1915, and the chattel mortgage is dated August 3, 1915. The machine was delivered " the last part of July, 1915," and accepted as in full compliance with the contract on August 6, 1915. The chattel mortgage seems to have been delivered before such acceptance. So that at the time of acceptance the chattel mortgage became the security. There seems to be no legal objection to that provided the contract so far as it relates to a conditional sale becomes inoperative. It was non-existent, or the mortgage was. The defendant agreed to furnish the machine on or about July 10, 1915, at Huntington,

L. I., in consideration of $5,500 payable by notes maturing at several times between July 10, 1915, and ·February 13, 1916. The contract provides amply for the examination and testing of the machine by plaintiff, aided by defendant, and for curing defects developing and for the written acceptance by the vendee in case of successful demonstration, or for rejection and return to him of all cash and notes (Clauses V, VI). The contract provides that the title of the machine is reserved in the vendor until the payment of the entire purchase price, and that in case of default in regard to the payments in any respect indicated, the vendor may terminate the agreement, take possession of the machine " and retain all payments theretofore made   *   *   *   as and for first party's liquidated damages; " or may sell the machine at public sale " at such time and place as first party shall elect," notice of the time and place of sale to be given by mail at least five days before the time of sale, or by posting a copy of such notice on the machine, and credit the avails of sale on the amount due and hold the vendee for the remainder. Such provision for retaking as applied to a contract for a conditional sale is void, and its place is deemed supplied by the provisions of the statute. But all such provisions for conditional sale become an alternative by the stipulation in clause IX of the contract. " It is further agreed that if first party shall so elect, then upon delivery of the said machinery to second party, said second party shall execute a chattel mortgage upon said machinery in such form as shall be agreeable to first party, said chattel mortgage to secure the unpaid balance of the said purchase price, and the notes evidencing the same; Provided, however, that the failure of the first party to request such chattel mortgage, or of the second party to execute the same, shall not effect the reservation of title in first party unless and until such mortgage shall be executed." The vendor did elect to take the chattel mortgage during the time the machine was under demonstration, so that such security was effective at the time the machine was accepted, and thereupon, from very necessity the stipulation for the conditional sale and for action in case of default was discarded and without function. The chattel mortgage declared that the plaintiff had sold the machine to the defendant and that it should become void upon

payment of the notes, and in case of default authorized the defendant to retake the property and to sell it, and from the proceeds to pay the sum secured and charges, and it was the intention that the overplus should be rendered to the plaintiff. The instrument comprehensively and definitely superseded clauses III and VIII of the contract and fashioned one exclusive security by which both parties agreed to abide. The plaintiff became in default and the defendant " By Virtue of a certain Chattel Mortgage " exposed the machine for sale, and the notice of sale was served upon the plaintiff after demand of the amount due, and the notices were posted and published. The contract is clear in its provisions, as is the course the parties adopted. In my judgment, they agreed that what was done should be done, and the right to so contract is a usual one and sanctioned by law. The court directed a verdict for $2,626.40, which included $2,250 paid by plaintiff towards the purchase price, and $376.40 moneys advanced by plaintiff for charges that defendant agreed to pay. Although the machine did not sell for enough to pay the balance of the purchase money, the defendant does not plead it as a counterclaim against the moneys so advanced by plaintiff, and the judgment should be reversed and a new trial granted, costs to abide the event, unless the plaintiff stipulate within twenty days to reduce the verdict to $376.40 and interest from June 19, 1916, for which sum, in case of such stipulation, the plaintiff should have judgment, with costs, but not of this appeal.

JENKS, P. J., BLACKMAR, KELLY and JAYCOX, JJ., concurred.

Judgment and order reversed and new trial granted, costs to abide the event, unless within twenty days plaintiff stipulate to reduce the verdict to the sum of $376.40, and interest from June 19, 1916, for which sum, in case of such stipulation, judgment is directed for plaintiff, with costs, but not of this appeal.