MARIAN SHEELEY, Respondent, *v.* HOLMES MUSIC COMPANY, Appellant.

Second Department, December 5, 1919.

**Chattel mortgages — instrument construed to be chattel mortgage and not conditional sale — Personal Property Law, section 65, not applicable to chattel mortgages — validity, as between parties, of chattel mortgage on after-acquired property.**

In an action to recover the amount paid by the plaintiff on a piano bought on the installment plan, which the defendant, the vendor, took from the plaintiff for default in payments, based on the ground that the defendant in taking the piano and selling it did not comply with section 65 of the Personal Property Law, *held* that the agreement made by the parties constituted a chattel mortgage and not a conditional sale, and that, therefore, the defendant was not liable for retaking and selling the piano at private sale.

Preservation of title in the seller is the essence of a conditional sale.

The fact that the written agreement was executed before the piano was received did not invalidate it as a chattel mortgage as between the parties thereto.

APPEAL by the defendant, Holmes Music Company, from a judgment of the Supreme Court in favor of the plaintiff,

entered in the office of the clerk of the county of Orange on the 7th day of March, 1919, upon the decision of the court after a trial without a jury.

In July, 1915, defendant, a piano dealer of Middletown, Orange county, sold to plaintiff, who then lived in Ellenville, N. Y., a piano at the price of $225, payable in $5 monthly installments. The instrument, dated July 22, 1915, recited an indebtedness of $225 so payable, and that for securing the payment of said debt and interest, " I do hereby sell, transfer and assign to the said Holmes Music Company, its successors or assigns, all the goods, chattels and property described as follows, viz: one Bredinol Piano. Style Mah. No. . . . . , also stool, book and scarf." Then followed a warranty of ownership, with right to pledge, sell and transfer the same, also that it is now " free and clear from any and all liens, claims and incumbrances, and is now in my possession and shall be kept at 12 Essex St." in Ellenville. The instrument declares as an express condition " that I shall pay to said Holmes Music Company the said sum of Two Hundred & Twenty-five Dollars ($225.00), with interest thereon from the date hereof as follows, viz: The sum of Five Dollars on the delivery of piano, and the further sum of Five Dollars or more per month together with interest on said principal sum payable with the said installments of principal, until the above amounts of principal and interest are paid in full; * * * which said sums and interest I hereby covenant and agree to pay in the manner above stated."

It was also provided that in case of non-payment of the debt or of any installment thereof, then the Holmes Music Company could enter and take possession of the property and sell same at public or private sale and apply the avails (less expenses) to payment of the debt; a right being also reserved, even before maturity of said installments, to take possession if the music company deems itself or said property or security unsafe, or if the property be removed from the stated address, or if it be secreted or sold or transferred without consent in writing of the music company. If the property fail to satisfy the debt, interest, costs and charges, " the party of the first part covenants and agrees to pay the deficiency." Also the music company could elect that the

whole debt should become due in case of default in paying any of the installments of principal or interest. There was the usual covenant to keep the property insured; also the clause that any extension of the time of payment of any of the aforesaid payments should not be construed as a waiver of its covenants and conditions, but as mere indulgence and favor to the party of the first part.

The piano was to be tuned twice a year free of charge; but if it should be removed too far from Middletown to be practicable to tune it, then the music company might be absolved from such obligation for free tuning.

In the closing paragraph plaintiff acknowledged receipt of a copy thereof, and stated that she had " no understanding in this transaction other than those herein set forth."

On July twenty-third was given a receipt for the " 1st payment on piano." In all, plaintiff paid $125, being for twenty-five months. In 1918 plaintiff left Ellenville and removed to Maybrook in Orange county (although this appears not to have been a permanent removal), leaving the piano at Ellenville. In March, 1918, the music company took possession of the piano for default in payment of her installments, and eventually sold the same at private sale for $108. On the main contention whether the instrument was a chattel mortgage or a conditional sale, the court held that it was a conditional sale, and adjudged defendant liable for its non-compliance with section 65 of the Personal Property Law, giving her judgment for $125 with interest and costs.

*P. R. Buttenheim,* for the appellant.

*Henry Hirschberg* [*Anson J. Fowler* with him on the brief], for the respondent.

PUTNAM, J.:

Although any ambiguity in this agreement should be construed against defendant as the one who made and proffered the paper, its terms are plainly those of a mortgage and not a conditional sale. Defendant reserved no title but placed the title in the plaintiff, with whom it remained supported by her warranties. Herein the case may be distinguished from *Tweedie* v. *Clark* (114 App. Div. 296), where the buyer agreed that vendors should retain title until his note should

be paid. Preservation of title in the seller is the essence of a conditional sale. Although ordinarily, in such sales, there is no relation of debtor and creditor, yet if the buyer gives a note but the vendor retains the title, it is still a conditional sale. Here the clauses are the familiar mortgage terms, by which the defendant may regain the piano as security if the installments are not met.

It is, however, argued that at the date of this agreement, notwithstanding these recitals, plaintiff had no piano and did not receive it till July twenty-third, when she made her first payment. While in law there were difficulties in a chattel mortgage attaching to after-acquired property, yet its lien will be good, unless as to creditors. (*Titusville Iron Co.* v. *City of New York*, 207 N. Y. 203.) Anyhow, a discrepancy of one day between the mortgage and the first payment raises a presumption that the mortgage was actually handed over upon receipt of the five dollars paid.

Here the defendant's legal title and its subsequent taking of this piano were under and by virtue of a chattel mortgage after the default of the mortgagor. Hence the Conditional Sales Act did not apply. (*McMail* v. *Michaels*, 147 N. Y. Supp. 516; *Gaul* v. *Goldburg Furniture & Carpet Co., Inc.*, 85 Misc. Rep. 426; *Lauer* v. *Matushek & Son Piano Co.*, 172 N. Y. Supp. 439; *Organ Co.* v. *Crambert*, 78 Ohio St. 149.)

We recognize the salutary doctrine that attempts to evade the provisions guarding sales of property retaken by conditional vendors are condemned as against public policy (*Crowe* v. *Liquid Carbonic Co.*, 208 N. Y. 396; *Adler* v. *Weis & Fisher Co.*, 218 id. 295; *Nordone* v. *Austin Drainage Excavator Co.*, 184 App. Div. 309), but such policy cannot enable us to substitute a different contract for the one the parties have made to secure this purchase price. In a conditional sale the reservation of title allows the seller continued ownership that by breach of condition may be absolute. Such powers may invite oppression. But in a chattel mortgage the creditor has not complete title, so that the means and conditions of foreclosing the security are matters of agreement  Hence there is not the same call for legislative interference with a mortgage as in case of conditional sales. If the methods of foreclosing such chattel mortgages be harsh

or oppressive (which the facts here do not show), then it is for the Legislature, and not the courts, to guard the right to sell at private sale when chattel mortgages are given to secure an indebtedness payable by installments.

It follows that the judgment should be reversed, findings 4–9 modified, and the findings requested by defendant numbered 3, 4, 5 and 6 found, with defendant's proposed conclusions, and judgment rendered dismissing the complaint, with costs.

JENKS, P. J., RICH, KELLY and JAYCOX, JJ., concurred.

Judgment reversed, findings 4–9 modified, and the findings requested by defendant numbered 3, 4, 5 and 6 found, with defendant's proposed conclusions; and judgment rendered dismissing the complaint, with costs. Order to be settled before Mr. Justice PUTNAM.