WILLIAM H. WARREN, Respondent, v. CHARLES E. LAIR, Appellant.

Third Department, December 29, 1919.

Sale — conditional sale — retention of title by vendor — validity of provision of chattel mortgage permitting vendor to retake and sell contrary to section 65 of Personal Property Law — right of vendee to recover payments where property retaken and sold in disregard of said section.

Where at the time of the sale of a motor truck the parties entered into a written contract under which the title to said truck was to remain in the vendor until the full satisfaction of notes given in payment, a provision in a chattel mortgage, given by the vendee pursuant to said contract, contemporaneously therewith, that the vendor might retake and sell the truck whenever he deemed his security unsafe is contrary to the provisions of

section 65 of the Personal Property Law and void, and hence a sale by the vendor pursuant to the aforesaid provision and in entire disregard of the provisions of said section of the Personal Property Law is illegal, and the vendee may recover payments made by him.

In every case of a sale of chattels where the title is reserved, the vendor may retake possession and make a sale only as prescribed by the provisions of section 65 of the Personal Property Law, and every stipulation to the contrary made by the parties at the time of the sale, or subsequently thereto, if there be no new consideration to support a new contract, is absolutely void.

JOHN M. KELLOGG, P. J., and LYON, J., dissent, with opinion.

APPEAL by the defendant, Charles E. Lair, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Fulton on the 2d day of June, 1919, upon the verdict of a jury, and also from an order entered in said clerk's office on or about the same day denying defendant's motion for a new trial made upon the minutes.

*Wesley H. Maider,* for the appellant.

*H. D. Wright,* for the respondent.

H. T. KELLOGG, J.:

The plaintiff brought this action to recover moneys paid by him upon the purchase price of an automobile truck which had been sold to him by the defendant. He alleged that the sale was made under a contract for the conditional sale of the truck; that possession thereof was retaken by the defendant prior to the time when the unpaid balance of the purchase price became payable; that the defendant failed to retain possession of the truck for thirty days, but did, during the thirty days after retaking the truck, sell the same at public auction; that for all these reasons he was entitled under section 65 of the Personal Property Law to a recovery of the sums of money actually paid by him. The defendant alleged in his answer that he sold the truck to the plaintiff, taking back, as security for the unpaid purchase price, a chattel mortgage rather than an agreement for a conditional sale; that under the provisions of this mortgage he retook possession of the truck because he deemed his security to be imperiled; that he sold the truck at public auction after due

notice given under the terms of the mortgage, in compliance with the law. The case was tried before a jury, to which the question, whether the transaction was a conditional sale or a sale with chattel mortgage, was, with the consent of the parties, submitted. The jury having returned a special verdict in favor of the plaintiff, the court made a decision that the transaction was a conditional sale, and directed judgment in favor of the plaintiff for the sums of money paid by him. From this judgment the defendant appealed.

The truck was sold by the defendant to the plaintiff on May 19, 1917, for the sum of $3,000. In part payment of this sum the defendant accepted certain chattels, owned by the plaintiff, at a valuation of $400, leaving a balance unpaid of $2,600. For this balance the plaintiff gave his notes; one note for $125, payable in one month; one note for $125, payable in two months; one note for $125, payable in three months, and one note for $2,225, payable in four months, with the privilege of renewal of the last note for four months, if it were reduced to $2,100, and of a further renewal of such note as reduced for four months, provided it was reduced to the sum of $1,975. At the time of the sale the parties entered into a written contract which provided as follows: " It is still further agreed and understood that the title to said Gramm-Bernstein truck shall rest in Chas. E. Lair until the aforementioned notes and any renewals or part renewals thereof have been fully paid and satisfied." The contract also provided: " It is further agreed and understood that the party of the second part shall execute and deliver to the party of the first part a chattel mortgage covering amount of indebtedness on said Gramm-Bernstein two and one-half ton truck." Simultaneously with the execution of the contract, and in compliance therewith, the plaintiff executed and delivered to the defendant a chattel mortgage upon the truck to secure the unpaid notes. This document, among other things, provided: " In case the said Charles E. Lair, his representatives or assigns, shall at any time deem himself or said property, debt or security, unsafe, it shall be lawful for them to take possession of said property, and to sell the same at public or private sale, previous to the time above mentioned for the payment of said debt, applying the proceeds as aforesaid, after deducting all expenses of the

sale and keeping of the said property." The plaintiff took possession of the truck, thereafter paid the three notes for $125 each, and made such payments upon the note for the sum of $2,225 that he became entitled to renewals thereof under the terms of the contract. On the 28th day of March, 1918, while the last-mentioned note was under renewal, the defendant, acting under the provisions of the chattel mortgage, declared that he deemed his security unsafe, retook possession of the truck, and after giving notice of the sale of the same, on the 10th day of April, 1918, sold the truck to himself at public auction.

It is provided in section 65 of the Personal Property Law as follows: " Whenever articles are sold upon the condition that the title thereto shall remain in the vendor, or in some other person than the vendee, until the payment of the purchase price, or until the occurrence of a future event or contingency, and the same are retaken by the vendor, or his successor in interest, they shall be retained for a period of thirty days from the time of such retaking, and during such period the vendee or his successor in interest, may comply with the terms of such contract, and thereupon receive such property. After . the expiration of such period, if such terms are not complied with, the vendor, or his successor in interest, may cause such articles to be sold at public auction. Unless such articles are so sold within thirty days after the expiration of such period, the vendee or his successor in interest may recover of the vendor the amount paid on such articles by such vendee or his successor in interest under the contract for the conditional sale thereof." In every case of a sale of chattels where the title is reserved, the vendor may retake possession and make a sale only as prescribed by the provisions of this section, and every stipulation to the contrary made by the parties at the time of the sale, or subsequently to the sale, if there be no new consideration to support a new contract, is absolutely void. (*Roach* v. *Curtis*, 191 N. Y. 387; *Crowe* v. *Liquid Carbonic Co.*, 208 id. 396; *Adler* v. *Weis & Fisher Co.*, 218 id. 295.) In the *Crowe* case an agreement for a sale of chattels on credit, with reservation of title to the vendor, provided that if the vendor retook possession he need not retain the chattels for thirty days, and sell thereafter within thirty days. It was

held that this provision was void as against public policy, and the vendee retained the right to sue for moneys paid in case of non-compliance by the vendor with the provisions of the section. In the *Adler* case it was held that a stipulation entered into subsequently to a sale of chattels on credit with reservation of title, that the vendor might retake and sell otherwise than as provided in section 65, was absolutely void, and the vendee could recover the moneys paid. We are, therefore, not concerned in this case with the legal refinements which are said to differentiate all conditional sales from absolute sales protected by chattel mortgages, making impossible their co-existence. The chattel mortgage given by this vendee, pursuant to the agreement between the parties, provided that the vendor might retake and sell whenever he deemed his security unsafe. That stipulation was in complete antagonism to the provisions of section 65, and, under the authorities, was absolutely void if the section applies. The section does apply " whenever articles are sold upon the condition that the title thereto shall remain in the vendor  *  *  * until the payment of the purchase price." The sale made by the defendant was pursuant to his chattel mortgage in entire disregard of the provisions of section 65, and if the transaction between these parties reserved title to the vendor, then that sale was illegal, and the plaintiff may recover the moneys paid by him.

Words of more definite nature could not be used to provide for the retention of title by a vendor than the words employed by these parties. It will serve the purpose to quote them again: " It is still further agreed and understood that the title to said Gramm-Bernstein truck shall rest in Chas. E. Lair until the aforementioned notes and any renewals or part renewals thereof have been fully paid and satisfied." It is true that in the chattel mortgage the vendee did in form represent himself to be the owner of the truck, but these were the words of a printed form, and set forth a legal conclusion only. They were as idly used as language contained in the same sentence by which the vendee asserted that the truck was then in his possession at Johnstown, N. Y., whereas in point of fact the truck was then and for three days thereafter in the possession of the vendor at Gloversville, N. Y. They had no force

as an admission or a representation, for a fact contrary to
their legal meaning was known to the parties and was con-
temporaneously agreed upon by them. Nor is it important
that the vendee, subsequently to the sale, in applying for a
license for the truck, in writing represented himself to be its
owner. He did not own the truck, in the sense that he owned
the legal title, whether he was chattel mortgagor or conditional
vendee, so that if the statement had probative value, it proved
that he was neither. Equally immaterial was the fact that in
applying for insurance the vendee stated to the agent that
there was a chattel mortgage on his car. It is very probable
that the parties to this transaction understood that they had
entered into an agreement for a conditional sale, and into an
agreement for the giving of a chattel mortgage as well,
erroneously believing that the two contracts could co-exist.
If in law there was no chattel mortgage, although in form one
had been executed, the statement of the vendee, that such a
mortgage did exist, could not create a rule of law to bind him.
The question involved is not whether the parties understood
there was a chattel mortgage, or understood there was a con-
tract for a conditional sale, as might be determined by their
subsequent words and acts, but merely whether, at the time
of the sale, by the instruments then drawn, legal title to the
truck was reserved to the vendor. It seems to me that upon
the undisputed proof title did remain in the vendor, and that
the plaintiff as a matter of law was entitled to a recovery.
Accordingly the judgment should not be disturbed.

The judgment should be affirmed.

All concur, except JOHN M. KELLOGG, P. J., dissenting,
with a memorandum, in which LYON, J., concurs.

JOHN M. KELLOGG, P. J. (dissenting):

If the judgment stands, the plaintiff has had the use of the
truck, bought by him from defendant May 19, 1917, from
that date to March 28, 1918, and has also recovered all moneys
which he paid upon the purchase price, with interest. The
result seems so unjust that it becomes doubtful whether the
verdict can stand. The contract was for a conditional sale,
and it provided that a chattel mortgage should be given on

the truck to secure the purchase price. Evidently the contract and mortgage were delivered at the same time. In the mortgage the plaintiff represented and warranted that he was the true and lawful owner, and had the right to sell and mortgage the truck, and that the same was clear of all claims and liens. The contract itself was upon a blank, and it evidently intended to retain the title of the property in the vendor until the mortgage was executed and filed, and contemplated that the execution of the mortgage might take place immediately or at sometime thereafter. Evidently the truck was to be considered as upon conditional sale until the mortgage was executed. Here we find two papers, executed at the same time between the same parties, the contract providing for a conditional sale and that a chattel mortgage was to be executed, and the chattel mortgage itself. If we read the two papers as forming a single paper, it cannot be said that the mortgage is ineffectual because it attempts to take from the contract of conditional sale some of its virtue, as the mortgage clause and conditional sale clause apparently came into existence at the same time, and the conditional sale clause was limited by a provision that the mortgage was to be executed. It was a question of law for the court to determine the effect of the instruments, and the court erred in submitting that question to the jury. The papers were prepared by the defendant, and if there is a reasonable doubt about their interpretation, the benefit of the doubt goes to the plaintiff. The interpretation of the contract does not wait around to see how events turn out, but is to be based upon the contract as it was made, and at that time the most favorable view to the plaintiff was to treat himself as a purchaser of the truck, with a chattel mortgage back for the purchase price. The mere fact that he could gain a temporary advantage at this late day by repudiating that construction cannot avail him. It might be said that the plaintiff gave the vendor either one of two inconsistent remedies and is bound by either if it is properly pursued. The correct position I think is that when the plaintiff executed the mortgage, and the defendant accepted and filed it, and the plaintiff took out chattel-mortgage insurance, the truck became his subject to the chattel mortgage.

These views are consistent with the following cases: *Nordone* v. *Austin Drainage Excavator Co.* (184 App. Div. 309); *Gaul* v. *Goldburg Furniture & Carpet Co., Inc.* (85 Misc. Rep. 426); *Lauer* v. *Matushek & Son Piano Co.* (172 N. Y. Supp. 439); *McMail* v. *Michaels* (147 id. 516).

*Tweedie* v. *Clark* (114 App. Div. 296) is not inconsistent with these views. There the instrument was a note, with a conditional sale agreement with a mortgage clause. The note was not paid on the day it became due, but two days thereafter twenty-five dollars was paid to the bank, the owner, and indorsed thereon, and thereafter the plaintiff tendered the balance unpaid, with interest, and demanded the property, which was refused. The court properly construed the agreement as a conditional sale, but it was quite immaterial which it was. Concededly the title to the mortgaged property passed to the mortgagee upon default, but thereafter the owner accepted part payment and indorsed it upon the note. He thus recognized the note as a continuing security for the debt, and when the plaintiff tendered the balance he was entitled to the property. Apparently the defendant had gained possession by trick. It cannot be that the plaintiff can accept a part of the defaulted payment and, when the balance is tendered, refuse it and keep the property as owner. Here, concededly, if there was a chattel mortgage it was properly foreclosed, and the plaintiff cannot recover if the mortgage existed. The chattel mortgage, and the representation and guaranty of title, and the acts of the parties, make it impossible to deny the existence of the mortgage.

These considerations require a reversal. The plaintiff, by a technicality, is seeking to bring about an unjust result from a forced construction of a part of the agreement between the parties. Equity and justice require a more liberal and just interpretation of their entire contract and acts.

A reversal must also result from the charge of the court to the effect that the jury cannot find for the plaintiff unless, at some time before the signing of the chattel mortgage, the title to the truck had passed from the defendant to the plaintiff. This charge was not excepted to, but it compelled a decision for the plaintiff from the fact that there was no pretense that the defendant had any interest in the truck until the

mortgage was given.   The contention was that giving and accepting the mortgage, under the conditions shown, made an absolute sale of the property subject to the mortgage.   The charge was so prejudicial and controlling, and the verdict so unjust, that although exception was not taken a reversal should follow.

The judgment is against the law and the facts, and for that reason I favor a reversal.

LYON, J., concurs.

Judgment affirmed, with costs.