## In re A. E. RICHARDSON CO., Inc.

(District Court, E. D. New York. July 9, 1923.)

**Sales ⊙⇒477(3)—Reservation of title in contract displaced by taking of chattel mortgage.**

Where a contract for sale of machinery reserved title in the seller until full payment, and also provided that the purchaser should execute a chattel mortgage on request of the seller, the execution of such mortgage several months after delivery and installation of the machinery superseded the conditional sale provision, and the title vested in the purchaser.

In Bankruptcy. In the matter of the A. E. Richardson Company, Inc., bankrupt. On motion to confirm report of special commissioner, finding against the claim of the Premier & Potter Printing Press Company, Inc., to a lien. Motion granted.

Henry I. Fillman, of New York City, for trustee.

Samuel Wasserman, of New York City, for claimant.

GARVIN, District Judge. This is a motion by the trustee in bankruptcy of the bankrupt above named for an order confirming the report of a special commissioner who has found that the Premier & Potter Printing Press Company, Inc., has no lien on a fund realized from the sale of property covered by an alleged conditional bill of sale. On July 9, 1921, the bankrupt sent to the claimant a written order for presses and supplies, amounting to $21,600, upon a form supplied, but not signed, by the claimant. This order provides in part: .

"That the machinery shall remain the property of the vendor until the amount payable is paid in full," and that the notes given by the bankrupt shall be secured "by a chattel mortgage or instrument, whichever the vendor elects to submit to the purchaser, and the purchaser agrees to properly execute, acknowledge, and deliver the same to the vendor on or before the date of the erection of the machinery ready for power connection."

The claimant delivered all the machinery prior to December, 1921, and in April, 1922, requested the bankrupt to execute and deliver to it a chattel mortgage upon said machinery. This was done, the mortgage being dated and executed in May, 1922, although the date of delivery cannot be ascertained; $4,817.92 of the purchase price was and now is unpaid. The master has found, and properly, that, there being no proof to the contrary, it must be assumed that the mortgage was delivered on the date of execution. It was not filed until October, 1922, and all parties agree that such a delay in filing would render the mortgage void as to the trustee.

The claimant takes the position that, although it requested and received a chattel mortgage from the bankrupt, that mortgage had no effect, and was indeed void, by reason of the declaration in the original instrument between the parties that the title to the machinery should remain in the vendor. All parties agree that a conditional bill of sale is valid against the trustee, whether or not it is filed.

The case of Warren v. Lair, 190 App. Div. 139, 179 N. Y. Supp.

632, upon which the claimant relies, held that where, at the time of sale, a written agreement that title shall remain in the vendor was made, and also an agreement that the vendee should execute and deliver to the vendor a chattel mortgage covering the property, if the mortgage was executed and delivered simultaneously with the making of the contract, the whole transaction was to be construed as constituting a conditional bill of sale. This was the decision of a divided court and the facts differ from those of the case at bar, in that the mortgage was executed and delivered at the time of the execution of the contract; in the instant case, the mortgage was not executed and delivered until long after the contract came into existence.

The case of Nordone v. F. C. Austin Drainage Excavator Co., 184 App. Div. 309, 171 N. Y. Supp. 725 presents facts similar to those now before the court, a contract similar in form, and a chattel mortgage executed and delivered some time after the date of the contract. The court held that, when the chattel mortgage came into being, the stipulation for the conditional sale, which was inconsistent with the chattel mortgage, was discarded. This case was decided prior to Warren v. Lair, supra, but the facts of the latter case differ with respect to the time of delivery of the chattel mortgage.

If these conclusions are correct, the motion to confirm the report of the special commissioner must be granted.