In re A. E. RICHARDSON CO., Inc.

PREMIER & POTTER PRINTING PRESS CO., Inc., v. FULLER.

(Circuit Court of Appeals, Second Circuit. December 10, 1923.)

No. 97.

1. Sales ⬅477(3)—Title to property purchased held to pass on execution of chattel mortgage securing purchase price.

Where certain printing machinery and equipment were sold under an agreement reserving title, the seller taking notes for the balance of the purchase price, the buyer to give a chattel mortgage at vendor's election, and such a chattel mortgage was given, *held* that, while the sales contract was a conditional sales agreement, which created a lien under the state Personal Property Law, such lien was superseded by the subsequent execution of the chattel mortgage creating the status of mortgagor and mortgagee; title to the property passing at the time of such execution.

2. Bankruptcy ⬅184(2)—Bankrupt's chattel mortgage held not a valid lien on proceeds of trustee's sale.

Where a seller of printing machinery and equipment took a chattel mortgage from the purchaser to secure the balance of the purchase price, but unreasonably delayed in filing it, as required by the state statute, such

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

chattel mortgage was void, and conferred no lien or prior interest in the proceeds of a sale of the machinery by the trustee in bankruptcy of the purchaser.

Petition to Revise and Appeal from Order of the District Court of the United States for the Eastern District of New York.

In the matter of A. E. Richardson Company, Inc., bankrupt. Petition by the Premier & Potter Printing Press Company, Inc., against Seymour K. Fuller, Trustee. From an order confirming the report of a special commissioner as to priority of claims (291 Fed. 772), petitioner appeals. Affirmed.

Appeal from an order confirming the report of a special commissioner and adjudging that the claim of Premier & Potter Printing Press Company, Inc. (hereinafter called Premier Company), for the payment of $4,817.92 out of the funds in the hands of the trustee in bankruptcy in priority to the claims of the general creditors of the bankrupt be disallowed, and that the Premier Company has no special lien or prior interest in the proceeds of the sale by the trustee of certain property.

On February 14, 1923, by his petition the trustee in bankruptcy of A. E. Richardson Company, Inc., applied for an order permitting him to accept an offer of $25,000 cash for certain printing press machinery, merchandise, and equipment contained in the premises formerly occupied by the bankrupt, such sale to be free of liens. An order was duly entered March 6, 1923, authorizing the trustee to accept this offer, directing the trustee to hold the $25,000, subject to the claims, liens, and demands of the alleged mortgagors, lienors, and claimants mentioned in his petition, and referring the matter to a special commissioner to take proof of the validity and amount of the several liens or claims against the proceeds of the sale.

Premier Company claimed a lien upon certain presses and equipment sold by it to the bankrupt, and filed its claim for payment of $4,817.92 out of the proceeds of the sale. Under date of July 9, 1921, A. E. Richardson Printing Company, Inc., signed and sent to the Premier Company a written order for two Premier presses with equipment and accessories. The order was on a printed form supplied by Premier Company. It read:

"Please ship f. o. b. cars at your factory: * * *

| | |
|---|---|
| Two (2) new 49x66 Premier presses, equipped with all usual accessories, for eighty-five hundred dollars each .......... | $17,000.00 |
| Two extension deliveries, to handle 44x64 sheet, fifteen hundred dollars each ....................................... | 3,000.00 |
| Motors, zinc, and timber as before furnished, eight hundred dollars each ........................................... | 1,600.00 |
| | $21,600.00 |

—for the sum of twenty-one thousand six hundred dollars ($21,600.00). * * *
It is hereby agreed that payment, in New York funds, * * * shall be made by the undersigned purchaser to the vendor, the Premier & Potter Printing Press Company, Inc., or its order, as follows:

| | |
|---|---|
| One thousand dollars, in cash, on signing of this agreement... | $1,000.00 |
| Four thousand four hundred dollars in cash, on the erection of the machinery ready for power connection ............... | 4,400.00 |
| Sixteen thousand two hundred dollars in promissory notes, to be executed by the purchaser and turned over to the vendor on or before the date of the erection of the machinery ready for power connection ........................................ | 16,200.00 |
| Amount payable ...................................... | $21,600.00 |

"Said notes shall be dated the day of the erection of the machinery ready for power connection, * * * and shall mature as follows: Twelve notes each in amount of $1,350.00 payable monthly consecutively. * * *"

Then follow the clauses which give rise to this controversy:

"(a) Said notes shall be secured by a chattel mortgage or instrument, whichever the vendor elects to submit to the purchaser, and the purchaser agrees to properly execute, acknowledge and deliver the same to the vendor on or before the date of the erection of the machinery, ready for power connection;" and

"(b) Said machinery shall remain the property of the vendor until the amount payable is paid in full."

The written order was not signed by Premier Company. The machines were delivered to the Richardson Company during September, October, and November, 1921. The promissory notes of the Richardson Company were not executed and delivered in accordance with the terms expressed in the written order, but were for different amounts.

On or about April 27, 1922, a letter was sent to Richardson Company by Premier Company inclosing certain promissory notes for signature by the Richardson Company, and also inclosing a proposed chattel mortgage, with the request that the Richardson Company sign, acknowledge, and return said mortgage to Premier Company. The notes were to be given for the unpaid balance of the purchase price of the printing presses and equipment, and the mortgage was to be executed as security for the notes. On May 2, 1922, the mortgage was executed and acknowledged as requested and delivered to Premier Company and was by it filed in the office of the register of the county of Kings on October 23, 1922. The balance of the purchase price of the machinery was never paid by the Richardson Company, and the concern was adjudged a bankrupt in January, 1923.

Samuel Wasserman, of New York City (Henry B. Singer, of New York City, of counsel), for appellant.

Seymour K. Fuller, of New York City (Henry I. Fillman, of counsel), for appellee.

Before ROGERS, MANTON, and MAYER, Circuit Judges.

MAYER, Circuit Judge (after stating the facts as above). [1] It is contended by Premier Company that the instrument was a conditional sales agreement, which created a lien in its favor under the Personal Property Law of the state of New York (Consol. Laws, c. 41) and that such lien was unaffected by the subsequent execution of the chattel mortgage. New York Personal Property Law, § 62; Hewit v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986. The trustee relies upon Nordone v. Austin Drainage Excavator Co., 184 App. Div. 309, 171 N. Y. Supp. 725, as authority for the proposition that the chattel mortgage upon its delivery to the vendor superseded the conditional sales agreement, and that the parties then had the legal status of mortgagor and mortgagee, which continued up to the time of bankruptcy.

It is, of course, elementary that in a conditional sales agreement the title remains in the vendor, while in the case of a valid chattel mortgage the title is in the mortgagor, here the vendee. In the case at bar, the chattel mortgage necessarily recognized this relationship in the following definite language:

"This mortgage is a purchase-money mortgage and is given to secure the balance of the purchase price of the chattels *conveyed* hereunder."

It is manifestly inconsistent that title shall remain in the vendor, and also that the purchaser shall execute and deliver a chattel mortgage. In accordance with a familiar principle, contracts should be

construed in such manner as to harmonize their provisions, if possible. While we think the two clauses, quoted supra, are inaptly drawn, we are of the opinion that they can be reconciled. It will be observed that the notes were to be secured by a chattel mortgage or instrument; whichever the vendor elected to submit to the purchaser, and that the purchaser agreed to execute and deliver such chattel mortgage or instrument "on or before the date of the erection of the machinery ready for power connection." Another part of the agreement provided: "Said notes shall be dated the day of the erection of the machinery ready for power connection." Thus the notes and the chattel mortgage were to be contemporaneous, and were to be executed at a date subsequent to July 9, 1921, the date of the order on the printed form addressed to Premier Company and signed by Richardson Company.

As appears from the agreement supra, the purchaser paid a certain amount of cash on signing the agreement, and it was to pay further cash on the erection of the machinery ready for power connection, and to give notes secured by a chattel mortgage on or before the date of such erection. It might very well be that there would be delay or disputes in respect of the time when the machinery was erected "ready for power connection," and for that or some other reason, good or bad, that the purchaser might not execute the notes and the chattel mortgage at the time contemplated in the agreement. It was but natural that the vendor should protect itself by reserving title until such time as the chattel mortgage was executed and delivered. Without such a reservation clause, the order or agreement might have been construed as an absolute sale from Premier Company to Richardson Company.

When, however, the chattel mortgage was executed and delivered, the relations of the parties changed. There was no longer something to do in the future, but there was an executed transaction, whereby, in point of fact, Premier Company conveyed the title of the property to Richardson Company, and Premier Company by accepting this mortgage, clearly recognized that it was a purchase-money mortgage, given to secure the balance of the chattels *conveyed* thereunder. Thus the parties by their own conduct and their practical construction of the agreement fixed their status.

It is urged that the Nordone Case is different from that at bar because, in that case, the agreement contained a proviso noted in 184 App. Div. at page 312, 171 N. Y. Supp. 727, as follows:

"Provided, however, that the failure of the first party to request such chattel mortgage, or of the second party to execute the same, shall not effect the reservation of title in first party unless and until such mortgage shall be executed."

We are unable to see any merit in this rather fine distinction as applied to the case at bar. After reviewing the facts, Mr. Justice Thomas, in the Nordone Case, said:

"The vendor did elect to take the chattel mortgage during the time the machine was under demonstration, so that such security was effective at the time the machine was accepted, and thereupon, from very necessity the stipulation for the conditional sale and for action in case of default was discard-

ed and without function. The chattel mortgage declared that the plaintiff had sold the machine to the defendant and that it should become void upon payment of the notes, and in case of default authorized the defendant to retake the property and to sell it, and from the proceeds to pay the sum secured and charges, and it was the intention that the overplus should be rendered to the plaintiff."

The facts in the case at bar are as strong as, and, if anything, stronger in favor of the trustee here than they were in favor of the successful litigant in the Nordone Case.

Warren v. Lair, 190 App. Div. 139, 179 N. Y. Supp. 632, affirmed without opinion 232 N. Y. 626, 134 N. E. 599, was decided by a divided court. In that case the jury returned a special verdict in favor of plaintiff, and the trial court then decided that the transaction was a conditional sale. The majority of the Appellate Division held that plaintiff was entitled to recover as a matter of law, while the minority were of opinion that the judgment was against the law and the facts. We are not enlightened as to the ground upon which the New York Court of Appeals based its decision. The facts are different from those in the case at bar, because the chattel mortgage was executed simultaneously. The court found, in effect, that in point of fact the vendee was not the owner of the truck, and that the representation in such regard in the chattel mortgage set forth a legal conclusion only.

In the case at bar, it is clear that the intent of the parties was that the purchaser should become the owner of the property at the time when the chattel mortgage was later to be executed, and we are not now confronted, as was the court in Warren v. Lair, with the difficulty of construing inconsistent contemporaneous acts.

[2] We conclude, therefore, that the chattel mortgage was valid when executed. Appellant, however, unreasonably delayed in filing the chattel mortgage, as required by the New York statute, and under attack by the trustee the chattel mortgage must be held void, because of the unreasonable delay in filing it. Bankruptcy Act, § 67 (Comp. St. § 9651); In re Schmidt, 181 Fed. 73, 104 C. C. A. 107; Skilton v. Codington, 185 N. Y. 80, 77 N. E. 790, 113 Am. St. Rep. 885. In the absence of proof of the date of delivery of the chattel mortgage, the presumption is that it was delivered the day of its date. Purdy v. Coar, 109 N. Y. 448, 17 N. E. 352, 4 Am. St. Rep. 491.

Order affirmed, with costs.

⟷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes