YURCISIN, APPELLEE, *v.* COMMERCIAL CREDIT CO., APPELLANT.

(Decided December 3, 1940.)

*Mr. Thomas J. McBride,* for appellee.
*Messrs. Schermer & Goldstein,* for appellant.

PHILLIPS, J.   Defendant, a foreign corporation, appeals on questions of law from a judgment of the Court of Common Pleas of Mahoning county, entered upon a jury verdict for the plaintiff in his action to recover from defendant a refund of payments made on a re-

possessed automobile sold upon an alleged conditional sales agreement.

The undisputed evidence is that on March 25, 1937, plaintiff signed a "car order" to purchase a 1935 Ford coach from the Anderson-Jeffries Motor Company of Youngstown, herein called the vendor, traded a Plymouth sedan valued at $200 as part payment thereof, and simultaneously signed other papers in blank, which he testified included his promissory note for $330.33, payable in eighteen monthly installments, and a chattel mortgage on the purchased car to secure payment thereof, both of which are dated March 26, 1937, and the latter of which was furnished to the vendor by defendant.

The same day, March 26, 1937, the vendor executed and later delivered to him a bill of sale for the same car and simultaneously, for a valuable consideration, assigned plaintiff's note and mortgage to defendant.

Plaintiff paid five installments totaling $91.75 upon his note, and, plaintiff being in default for further payments, on the third day of November 1937, defendant took possession of the car under the terms of the mortgage, without court action, or plaintiff's consent, and notified plaintiff that it would be sold at private sale under the terms of his contract, and that he would be liable to defendant for any deficiency between the balance due after certain credits and the sale price of the automobile. The car was sold for $200 and plaintiff was held liable for the difference amounting to $33.20.

Whereupon plaintiff commenced an action in the lower court and alleged in his amended petition, among other things, that the automobile was sold to him on a written conditional sales contract, upon which contract he made payments in excess of 25 per cent of the purchase price of the automobile, no part of which had been tendered back to him by defendant upon repossession of the car, in support of which allegations

he introduced evidence, and prayed judgment for the entire amount paid by him to defendant.

Defendant filed a supplemental answer and cross-petition in which it denied knowledge of the execution of a conditional sales contract, and alleged, among other things, that a conditional sales contract was never assigned or transferred to defendant; that the vendor was not authorized to act or was the vendor acting as defendant's agent in the execution of the conditional sales contract; and that defendant was in no way bound by that contract. Defendant prayed judgment on its cross-petition against plaintiff for the use of the automobile during the time it was in his possession, and for the sum of $33.55.

The trial judge refused to submit the issues raised in defendant's cross-petition to the jury, and found "as a matter of law that the defendant was an assignee of the Anderson-Jeffries Company and was bound by all liabilities arising out of the conditional sale," and directed the jury to return a verdict for plaintiff on his amended petition and against defendant on its cross-petition for the amount it determined was due under its charge for the use of the car by plaintiff.

Defendant claims that the principal question to be determined is this: "Is the holder in due course of this note and mortgage liable for any agreement contained in this sales order entered into between the plaintiff and the seller of the automobile?" Defendant contends that the verdict of the jury is against the greater weight of the evidence and is contrary to law; that the court erred in overruling its motion for a directed verdict at the conclusion of all the evidence, in the admission of irrelevant, incompetent and immaterial evidence offered by plaintiff, and in the rejection of material, relevant and competent evidence offered by defendant; and that the court committed error in its general charge to the jury.

Plaintiff contends that the facts present the ques-

tions whether the transaction between plaintiff and the vendor was a conditional sale within the meaning of Section 8568, General Code, and, if so, if the execution of the bill of sale by the vendor to the plaintiff transferred title in the automobile to him. Plaintiff claims affirmatively on the first question and negatively on the second, and claims that the evidence clearly entitles him to a return of all of the money paid defendant, as the automobile was in no manner damaged.

Section 8568, General Code, so far as pertinent, provides:

"When personal property is sold to a person to be paid for in whole or part in installments, or is leased, rented, hired or delivered to another on condition that it will belong to the person purchasing, leasing, renting, hiring, or receiving it, when the amount paid is a certain sum, or the value of the property, the title to it to remain in the vendor, lessor, renter, hirer or deliverer thereof, until such sum or the value of the property or any part thereof has been paid," etc.

The written "car order" contained the provision that:

"It is understood and agreed that the title of ownership of car, as above described, does not pass until the final cash payment is made."

In determining the nature of the transaction we are bound by the clear and unambiguous language of the "car order" and as a result of a careful study thereof we have concluded that under the terms thereof title to the automobile was retained by and remained in the vendor until the final cash payment was made. We are clearly of opinion that, tested by the provisions of Section 8568, General Code, the "car order" or contract between plaintiff and vendor was a conditional sales contract.

The bill of sale, filed in accordance with the provisions of Sections 6310-3 and 6310-14, General Code

(repealed, 117 Ohio Laws, 373, effective January 1, 1938), contained these provisions:

"That the Anderson-Jeffries Company hereby executes this bill of sale in duplicate and delivers to Frank Yurcisin [plaintiff] the grantee, the possession of the following described used motor vehicle. * * *

"It is mutually understood that the contents, execution, delivery, acceptance or filing of this 'bill of sale' in no manner affects or governs the rights, title, and interest of either the transfer [sic] or transferee in and to the vehicle herein described or referred to, or in and to any chattel mortgage, note, paid or unpaid purchase price, lease, lien, insurance policy, conditional sales contract, or any contract or agreement collateral or otherwise of any kind whatsoever, concerning such vehicle, the sole purpose of this 'bill of sale' being to comply with Sections 6310-3 and 6310-14, inclusive, of the General Code of Ohio, and in order to evidence the fact that possession of such vehicle has changed this day."

As to whether the execution of the bill of sale by the vendor to the plaintiff transferred title in the automobile to him, we observe that the instrument provides in clear and unambiguous language that possession of the automobile alone was transferred to plaintiff, and specifically provided that it in no manner transferred the title or affected the interest of either of the parties in and to any chattel mortgage, note, conditional sales contract, or other agreement or contract, and was delivered to the plaintiff for the sole purpose of complying with the provisions of Sections 6310-3 and 6310-14, inclusive, General Code, and not to transfer title of the automobile to plaintiff.

We come now to consider defendant's contention that the execution and delivery of the note and mortgage contradicts plaintiff's claim that the disputed automobile was sold upon a conditional sales contract,

and indicates a straight out and out sale, with passage of title thereof to plaintiff and security of the balance of the purchase price thereof by him.

The assignment from the vendor to the defendant, to which reference has been made, contained the provision that:

"For value received, the undersigned does hereby sell, assign, and transfer to the Commercial Credit Company, its successors or assigns, *his, its, or their right, title and interest* in and to the within chattel mortgage *and the property covered thereby.*" (Italics ours.)

This assignment clearly indicates and expressly provides that the vendor not only assigned all of its "right, title and interest in and to the within chattel mortgage" to the defendant but also to "the property covered thereby."

In our opinion the execution of the note and mortgage did not change the nature of the transaction and plaintiff's rights are unaffected by the execution of the mortgage on the automobile at the time of sale to secure installments of the purchase price. *Speyer & Co.* v. *Baker,* 59 Ohio St., 11, 51 N. E., 442; *Richcreek* v. *O'Donnell,* 5 C. C. (N. S.), 229, 16 C. D., 528; *Caldwell* v. *Singer Mfg. Co.,* 7 C. C., 460, 4 C. D., 680 (affirmed, *Singer Mfg. Co.* v. *Caldwell,* 55 Ohio St., 638, 48 N. E., 1118). We so hold.

The fact as urged by defendant that in signing the note and mortgage plaintiff represented that he was the owner of the automobile in question, upon which representation it argues it had a right to rely, was nothing more than a legal conclusion set forth in the words of a printed form and had no force as an admission or representation "for a fact contrary to their legal meaning was known to the parties and was contemporaneously agreed upon by them." See, *Warren* v. *Lair,* 179 N. Y. Supp., 632, 190 App. Div., 139.

By the clear and unambiguous language of the assignment, the form of which was furnished to, and as far as the evidence discloses, was prepared by the defendant, and by the terms of which it was bound, the vendor assigned to the defendant "its * * * title" to "the property covered thereby."

Finally it is observed that plaintiff could give to defendant no higher or other right to the mortgaged automobile than he had.

"A mortgagee of a chattel takes no higher or other right to the property than the mortgagor had." 7 Ohio Jurisprudence, 298, Section 35.

Further the defendant took the mortgage at its peril if it took it without the plaintiff being in possession at that time, as indicated by the evidence, "for a mortgage of chattels not in the possession of the mortgagor is taken at the peril of the mortgagee." 7 Ohio Jurisprudence, 300, Section 35.

For the same reasons it is not important that the plaintiff subsequent to the sale in applying for a license for the automobile, in writing represented himself to be the owner thereof. He did not own the automobile in the sense that he owned the legal title. See, *Warren* v. *Lair, supra.*

The foregoing in our opinion disposes of defendant's contention that plaintiff's acts to which reference has been made, were representations of ownership of the automobile upon which defendant had a right to rely.

This court, in the case of *State* v. *Associates Investment Co.,* decided in April 1939, answered some of the questions presented in the case at bar, and insofar as that case determines the questions here presented we adhere to our holding in that case, in which we held, upon facts somewhat similar to those in the instant case, that the written instrument evidencing the sale of the automobile in dispute was a conditional sales contract. It is true that the judgment in that case was reversed by the Supreme Court (*State* v. *Associates In-*

*vestment Co.,* 136 Ohio St., 456, 26 N. E. [2d], 457), but not on the ground that the written instrument was not a conditional sales contract, the court specifically stating on page 457 that the ''agreement contained provisions clearly making it a conditional sales contract.''

The facts in the case of *Newberry* v. *Colonial Finance Company* (unreported), a Mahoning county case recently decided by a visiting court, are also somewhat similar to the facts in the case at bar, which we cite as additional authority for our holding in this case.

Due to the peculiar wording of Sections 8568 and 8570, General Code, and the interpretation placed thereon by the Supreme Court of this state, the citations from foreign jurisdictions, except as herein noted, are not helpful in determining the questions presented.

We have read the record and as a result thereof have concluded that the verdict of the jury is not against the manifest weight of the evidence. We find ample, credible evidence of probative value to support the verdict of the jury, and we can not substitute our judgment for the verdict of the jury. In our opinion that verdict is not contrary to law.

We have also examined the record with reference to defendant's charge of error, both in the admission and rejection of evidence, and in the court's charge that the written sales agreement was a conditional sales contract. We find no error prejudicial to the rights of the defendant in these respects.

The judgment of the lower court is affirmed.

*Judgment affirmed.*

CARTER, J. concurs.

NICHOLS, P. J., concurs in judgment.