(75 App. Div. 401.)

## JONES v. WALLACE.

(Supreme Court, Appellate Division, Fourth Department. September 30, 1902.)

1. JUSTICES—SUMMONS—SERVICE—TIME.

Laws 1881, c. 414, authorizing entry of judgment in justice court on a verified complaint, requires the summons and complaint to be served on defendant personally "not less than six nor more than twelve days before the return day thereof." Code Civ. Proc. § 2878, relative to service in causes in justice court, provides that service of a summons must be at least six days before the time of appearance. *Held*, that service of a summons and complaint on November 29th, the return day being on December 5th, was sufficient.

Appeal from Wayne county court.

Action by Lawrence Jones against James S. Wallace. From a judgment reversing a judgment of a justice for plaintiff, and ordering a new trial before the justice, plaintiff appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Charles P. Williams, for appellant.

E. W. Hamn, for respondent.

SPRING, J. The summons, with a verified complaint attached, was issued by the justice of the peace on the 29th day of November, 1901, returnable on the 5th day of December, and it was duly served on the day it was issued. Proper proof of the service of the summons and complaint was made, and judgment was entered on the verified complaint for the sum demanded; the defendant not appearing. The judgment was reversed, on the ground that sufficient time did not intervene the date of the service and the return day of the summons. It is a rule of construction well settled, regulating the service of process, that either the day of its issue or its return day is to be excluded in the computation of the time. Both days are not to be counted. 19 Enc. Pl. & Prac. p. 602; Statutory Construction Law (Laws 1892, c. 677) § 27; People v. Burgess, 153 N. Y. 561, 572, 573, 47 N. E. 889; Alutman & Taylor Co. v. Syme, 163 N. Y. 54, 57 N. E. 168, 79 Am. St. Rep. 565. If the specified event is to occur a certain number of days after a definite day, then that day is to be excluded. If it is to be a certain number of days before a day certain, then the last day is to be included, and the first day counted. The pith of this arbitrary rule is the inclusion of one day and the exclusion of the other, unless the statute governing a particular case unmistakably regulates the matter otherwise. The authority for entering judgment in justice's court on a verified complaint is chapter 414, Laws 1881. Section 1 of this act requires that the summons and complaint be served on the defendant personally "not less than six nor more than twelve days be-

¶ 1. See Justices of the Peace, vol. 31, Cent. Dig. §§ 254, 258.

fore the return day thereof." Following out the rule of construction referred to, the return day is the one specified, and must be excluded from the reckoning, and the date of the issuance of the summons included; and we thus have the six days essential to obtaining jurisdiction of the defendant, and to authorize the entry of judgment on the complaint. Section 2878 of the Code of Civil Procedure prescribes the manner and time of service of the summons in the justice's court, and concededly the service in the present case gave the necessary six days, in compliance with that section. If, by the chapter mentioned, it was intended to depart from this long-recognized rule, we should expect to find definite phraseology manifesting that intention. The service, to be effective by the Code section, must be six days before the time of the appearance, and by the act referred to, the same number of days before the return day of the summons. In each, one day is to be excluded, according to the canon of interpretation respecting the service of the process. The difference in the language employed is not, therefore, of sufficient moment to require a construction varying the practice from that long settled. The judgment of the county court should be reversed, with the costs and disbursements of this appeal, and that of the justice's court affirmed, with costs.

Judgment of county court reversed, with the costs and disbursements of this appeal, and that of the justice's court affirmed, with costs. All concur, except ADAMS, P. J., not voting.