(92 App. Div. 445.)

PEOPLE ex rel. HART et al. v. GOODRICH et al.

(Supreme Court, Appellate Division, First Department. March 18, 1904.)

1. OFFICERS—VACANCY—ELECTION—COMPUTATION OF TIME.

Under Const. art. 6, § 4, providing that when a vacancy shall occur in the office of Justice of the Supreme Court it shall be filled at the next general election "happening not less than three months" after it occurs, such a vacancy occurring on August 2d was properly filled at the general election on November 3d following, especially in view of Laws 1892, p. 1490, c. 677, § 26, providing the method of computing the number of months from a given date in statutory provisions.

2. QUO WARRANTO—PLEADING—GENERAL AND SPECIFIC ALLEGATIONS—SUFFICIENCY.

Even if general allegations in quo warranto that defendants have usurped and unlawfully held office are sufficient, standing alone, to state a cause of action, where the complaint further states the specific facts constituting the alleged unlawful holding, and these are insufficient to state a cause of action, the entire pleading is insufficient.

Appeal from Special Term, New York County.

Quo warranto by the people, on the relation of Coleridge A. Hart and others, against William W. Goodrich and others. From a judgment sustaining demurrers to the complaint, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Coleridge A. Hart, pro se.

Joseph A. Burr, for respondents.

O'BRIEN, J. The plaintiffs seek in this action to determine the right of the four defendants to hold office as Justices of the Supreme Court in the Second Judicial District of the state of New York. Each of the defendants demurred to the complaint on the ground that there had been a misjoinder of causes of action, in that the offices held were separate and distinct, and on the further ground that there were insufficient facts stated to constitute a cause of action. On the ground that causes of action were improperly united the demurrers were sustained, and from final judgment thus entered this appeal is taken.

The complaint avers that prior to the general election of November 3, 1896, the four defendants were nominated as candidates for Justice of the Supreme Court in the Second Judicial Department, to be voted for at said election, and at that time there were only three judicial positions or vacancies lawfully to be filled at said election; that there was a fourth vacancy caused by the death on August 3, 1896, of Calvin E. Pratt, Justice of the Supreme Court in the Second Judicial District, but, by section 4 of article 6 of the Constitution of the state of New York, it was and is provided that such vacancy shall be filled for a full term at the next general election happening not less than three months after the occurrence thereof, and such a general election did not occur on November 3, 1896; that upon the said election of 1896 the names of the four defendants were grouped together in a single vertical column, and there was nothing on the ballots to indicate which of the said defendants the voters casting the same intended to elect in case there were but three instead of four vacancies; that on and after the 1st day of January next succeeding said general election the four defendants, each and all of them claiming and asserting that they had been elected thereat as such Justice of the Supreme Court in said Second Judicial District, attempted to qualify and act, and entered upon the duties of office; that the vacancy caused by the death of Calvin E. Pratt could not lawfully be filled until the general election of November 3, 1897, and at such time the relator herein was duly voted for and elected his successor, but the defendants have withheld from him such office and have jointly and severally usurped the same. Judgment is asked "upon the pretended rights of said defendants and each of them to hold the office of Justice of the Supreme Court in the Second Judicial District," and also upon the right of the relator to hold said office.

Without passing upon the question of whether or not there is a misjoinder of causes of action, upon which ground the learned judge at Special Term dismissed the complaint, we think that upon the

other ground, that there are insufficient facts stated therein to constitute a cause of action, the demurrers should be sustained.

The precise words of section 4 of article 6 of the state Constitution are as follows:

"When a vacancy shall occur otherwise than by expiration of term in the office of Justice of the Supreme Court, the same shall be filled for a full term, at the next general election, happening not less than three months after such vacancy occurs."

The complaint shows that the vacancy, which it is contended was not properly filled by the election of the defendants, occurred on August 3, 1896, and that the election in question took place on November 3, 1896. At the date of the election, therefore, exactly three months had expired; and hence that election was not, by the terms of the Constitution, one forbidden for the purpose of choosing a successor to fill the vacancy. The prohibition is that it should occur at a time not less than three months, or, differently stated, the election should be at least three months after the vacancy. The 2d of November would have been less than the prescribed time, but the 3d of November, 1896, happened "not less than three months," or exactly three months, after the vacancy.

The statutory construction law (section 26, c. 677, p. 1490, Laws 1892), although it has no application to or bearing upon the Constitution of the state, is not without use by way of analogy, in pointing out how statutes or laws should be construed. Therein it is provided that "a number of months after a certain day shall be computed by counting such number of calendar months from such day exclusive of the calendar month in which such day occurs and shall include the day of the month in the last month so counted having the same numerical order in days of the month as the day from which the computation is made." Adopting this rule, the 3d of November would mark the completion of three months from the death of the justice whose office it is claimed has been wrongfully held, and hence the election did not occur at a time "less than" the three months.

The appellants' contention is that November 4th would have been the first date upon which an election could properly be held, as that was the first day over three months from the time the vacancy occurred. This contention would be good if the provision of the Constitution was that the election must be one happening over three months from the time of the vacancy; but the Constitution, as stated, provides that the election must be one "happening not less than" three months, so that three situations may occur, namely, a time less than three months, at which time no legal election may take place; exactly three months, and over three months, at which times a proper election may be held. According, however, to the view of the appellants that an entire three months must elapse before the happening of the election, then, strictly measuring the elapsed time, the vacancy occurred in the morning of August 3, 1896, and the election "happened" at the time the votes were cast (People ex rel. Le Roy v. Foley, 148 N. Y. 677, 43 N. E. 171), which was when the poles were closed at 5 o'clock November 3d, so that there was over three months of elapsed time.

That the construction which we have given, however, to the constitutional provision is the one ordinarily adopted in analogous cases appears from a reference to the authorities, among which may be cited People v. Burgess, 153 N. Y. 561, 47 N. E. 889, and Jones v. Wallace, 75 App. Div. 401, 78 N. E. 35. In the Burgess Case the court construed section 1042 of the Code of Civil Procedure, which directed the county clerk to draw trial jurors on a day not less than 14 days before the day appointed for holding each trial term, and, a trial term having been appointed to be held on March 16th, a drawing on March 2d was held good, the difference being exactly 14 days. And in the Wallace Case, under a statute providing that service of a summons shall be made not less than six days before the return day thereof, service on November 29th of a summons returnable December 5th was held good—a difference of exactly six days.

In this complaint there are general allegations that the defendants have usurped and unlawfully hold office, and if these stood alone they might be sufficient to require an answer (People ex rel. Crane v. Ryder, 12 N. Y. 433); but the complaint goes further, and specifies the facts from which is made to appear the ground or theory upon which the plaintiff claims that the alleged unlawful holding arises, and these specific allegations being insufficient, because not stating a cause of action, it follows that the pleading itself is insufficient. Abbotts Trial Brief on Pleadings, § 63.

We think, therefore, that the demurrers should be sustained, and the judgment entered dismissing the complaint was right, and should be affirmed, with costs.

PATTERSON, McLAUGHLIN, and LAUGHLIN, JJ., concur. VAN BRUNT, P. J., concurs in result.