(161 App. Div. 135)

MOGHABGHAB v. SHERMAN & SONS CO.

(Supreme Court, Appellate Division, First Department. March 6, 1914.)

PLEADING (§ 8*)—COMPLAINT—SUFFICIENCY—MATTERS OF FACT OR CONCLUSIONS.

A complaint alleged that plaintiff's intestate was the owner and holder of a certificate for stock in a corporation; that a contract was entered into between the intestate and others on one part and defendant on the other, whereby defendant agreed to purchase the stock of the corporation for an amount equal to the book value of the shares; that pursuant to the terms of the contract the defendant determined the book value of the shares; that plaintiff's intestate duly delivered to a director and officer of the defendant his certificate of stock, which in turn was delivered to defendant; that prior to the commencement of the action the other persons in the contract delivered their stock to defendant, and received payment; and that plaintiff's intestate duly performed all conditions on his part, whereby he became entitled to payment of a certain sum. *Held*, that the complaint was good both under Code Civ. Proc. § 533, declaring that, in pleading the conditions precedent in a contract, it is not necessary to state all the facts, but the party may generally state that he, or the person whom he represents, duly performed all the conditions on his part, and as a detailed statement of the performance of all of the conditions precedent, and hence a demurrer cannot be sustained on the ground that

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff, by alleging some of the facts of performance, waived the statute, thus rendering the complaint bad.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½, 68; Dec. Dig. § 8.*]

Appeal from Special Term, New York County.

Action by Rashid Moghabghab, as administrator of Shakir Moghabghab, deceased, against the Sherman & Sons Company. From an order sustaining a demurrer to the amended complaint, plaintiff appeals. Order reversed, and demurrer overruled.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and HOTCHKISS, JJ.

Ferris, Dannenberg & Ansbacher, of New York City (Jacob Ansbacher, of New York City, of counsel), for appellant.

Henry G. Gennert, of New York City, for respondent.

CLARKE, J. Defendant demurs to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action.

The complaint alleges: That defendant is a domestic corporation, and that plaintiff is the administrator of Shakir Moghabghab, who died October 21, 1912, intestate. That prior to January 18, 1911, plaintiff's deceased was the owner and holder of a certificate for 20 shares of stock in the Levant Trading Company, Incorporated. That on or about the 18th day of January, 1911, a contract was entered into between plaintiff's deceased and others, on the one part, and the defendant, Sherman & Sons Company, on the other part, a copy of which was annexed, whereby the defendant agreed to buy the stock of the plaintiff's deceased in the Levant Trading Company, Incorporated, for an amount equal to the book valuation of said shares, as shown by the books of said Levant Trading Company, when closed, as of the date of January 15, 1911, and from the inventory and balance sheet to be prepared. That pursuant to the terms of said contract the defendant caused to be prepared an inventory and balance sheet, which is annexed. The said balance sheet showed the book value at that time of the shares of stock in said company held by the plaintiff's deceased.

That heretofore, and on or about the 3d day of April, 1911, at Beyrout, Syria, plaintiff's deceased duly delivered to one George M. Chaffee his said certificate of stock for 20 shares in the Levant Trading Company, duly indorsed, and at the same time and place the said Chaffee duly delivered to plaintiff's deceased a receipt therefor, a copy of which is annexed. At the time of delivery of the said certificate of stock the said Chaffee was a director and officer of the defendant. The said Chaffee received the said certificate for and on behalf of the defendant, and as a director thereof. Thereafter, and prior to the commencement of this action, the said Chaffee duly delivered said certificate of stock to the defendant. Prior to the commencement of this action the other persons mentioned in said contract delivered their stock to the defendant, and received payment therefor. Prior to the commencement of this action the defendant became the holder of all

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the stock of the Levant Trading Company. That plaintiff's deceased duly performed all conditions on his part. By reason of the premises there became due and owing and payable by the defendant to the plaintiff's deceased the sum of $2,137.60, payment of which has been demanded, but of which no part has been paid.

The demurrer was sustained by the learned Special Term, upon the ground that the plaintiff, while pleading performance generally pursuant to section 533 of the Code of Civil Procedure, failed to rely on the provisions of that section, and in addition thereto alleged the details of performance, and was therefore bound by such details, and that the allegations failed to show compliance with the terms of the agreement annexed to the complaint and made part of it. I am unable to agree with that conclusion. Not only does the complaint allege in the language of the statute that the plaintiff's deceased "duly performed all the conditions on his part," but the facts set forth to show performance support said allegation instead of destroying it. In addition it seems to me that independent of that allegation the facts set forth allege a complete cause of action. The complaint alleges that plaintiff's deceased delivered his shares duly indorsed to a director and an officer of the company who received said certificate of stock for and on behalf of the company, and the receipt is signed: "G. N. Chaffee, Director of Sherman & Sons Co."

It also avers that Chaffee duly delivered the certificate of stock to the defendant, and that the other persons mentioned in the contract delivered their stock to the defendant, and received payment therefor, and that the defendant became the holder of all the stock hereinbefore mentioned. Corr v. Sun Printing & Publishing Co., 177 N. Y. 131, 69 N. E. 288, relied on by respondent, was an action for libel where the complaint alleged, under section 535 of the Code of Civil Procedure, that the libel was published of and concerning the plaintiff; but the court found from the facts set forth it was not so, and sustained a demurrer. In other words, that the detailed facts stated completely refuted the conclusion of fact alleged. So Lange v. Benedict, 73 N. Y. 12, 29 Am. Rep. 80; People ex rel. Hart v. Goodrich, 92 App. Div. 445, 87 N. Y. Supp. 114; Burdick v. Chesebrough, 94 App. Div. 532, 88 N. Y. Supp. 13. In each of these cases facts were set up inconsistent with and destructive of the general allegation. No such situation is here presented.

The complaint sets up a complete cause of action independent of the general allegation, and the facts so set up are not inconsistent therewith.

The order appealed from should be reversed, with $10 costs and disbursements, and the demurrer overruled, with $10 costs, and with leave to the respondent on payment thereof to withdraw the demurrer, and answer over.

All concur.