LEO LOWY, Appellant, *v.* HARDMAN, PECK & CO., Respondent.

First Department, December 29, 1916.

Pleading — action to recover installments paid under conditional contract of sale because of failure of defendant to comply with Personal Property Law — when pleadings insufficient to warrant judgment thereon.

Where a complaint alleges that the plaintiff and defendant entered into a conditional sale agreement for the purchase of a piano, which was delivered to the plaintiff who made certain payments and then defaulted; that on November fifth the sheriff replevied the piano and thereafter

delivered the same to the defendant; that on December twenty-first the defendant sold the piano, although no judgment had been entered in the replevin action; that by reason of the premises and the failure of the defendant to comply with sections 65 and 66 of the Personal Property Law there became due and owing to the plaintiff the installments paid by him, and the answer admitted the allegations of the complaint and merely denied the legal conclusion that the sale did not comply with the statute, and that by reason thereof the plaintiff was entitled to recover the installments paid, a motion for judgment on the pleadings should be denied because of the indefinite condition thereof.

APPEAL by the plaintiff, Leo Lowy, from a determination and order of the Appellate Term of the Supreme Court, entered in the office of the clerk of the county of New York on or about the 23d day of June, 1916, reversing a judgment and order of the City Court of the City of New York in plaintiff's favor upon a motion made by him for judgment on the pleadings.

The plaintiff further appeals from the judgment and orders of reversal entered in the office of the clerk of the City Court of the City of New York, pursuant to said determination of the Appellate Term.

*Eugene I. Yuells,* for the appellant.

*Nathan Ottinger,* for the respondent.

PAGE, J.:

The complaint alleges that the plaintiff and defendant entered into a conditional sales agreement for the purchase of a piano. The piano was delivered to the plaintiff and he paid to the defendant $100 of the installments, pursuant to the agreement and made default. The defendant on November 4, 1915, delivered to the sheriff of Kings county an affidavit, requisition and undertaking, to replevy the piano from the possession of the plaintiff herein. On November fifth the sheriff did replevy the piano and took the same into his possession, and thereafter delivered the same to this defendant. On the 21st day of December, 1915, the defendant sold the piano, although no judgment had been entered in said replevin action. The complaint then sets forth *in extenso* sections 65 and 66 of the Personal Property Law (Consol. Laws, chap. 41; Laws of 1909, chap. 45), and upon information and belief that the sale did

not comply with the requirements of the laws of the State of New York, and that the said sale was in violation of the laws of the State of New York; that by reason of the premises and the failure of the defendant to comply with sections 65 and 66, there became due and owing the sum of $100. The answer of the defendant admits, by not denying, the foregoing facts and merely denies the legal conclusion that such a sale did not comply with the requirements of sections 65 and 66 of the Personal Property Law, and that by reason thereof there became due and owing to the plaintiff from the defendant the $100 paid on account of the purchase price of the piano. The City Court granted the plaintiff's motion for judgment on the pleadings. On appeal, the Appellate Term reversed the judgment and denied the motion (95 Misc. Rep. 518).

An important and interesting question is presented and was discussed in the lower courts, *i. e.,* whether the taking of the property by the sheriff in pursuance of the requisition in the replevin action, and its delivery to the plaintiff therein, and a sale thereof by the plaintiff in that action prior to judgment, constitutes a retaking under the Personal Property Law; and, if the sale were made otherwise in compliance with the provisions of the statute, whether the defendant therein would be entitled to recover the installments paid. We do not think this question is fairly raised in this action, for the reason that sufficient facts are not alleged in the complaint to disclose the theory of the action. It is alleged that the property was taken by the sheriff on November fifth, and thereafter, the date not being mentioned, the sheriff delivered the property to the defendant, and that on December twenty-first the defendant sold the same — whether with or without notice, or whether the notice was served prior to the expiration of the period of thirty days, or, if after, whether it gave fifteen days' notice of the sale, not being alleged. From the meagre statement of facts, any of these suppositions are possible. The sale was made on the forty-sixth day after the sheriff took possession of the property. It was his duty to keep the same in his possession for the three days in which the defendant in the replevin action had the right to except to the plaintiff's sureties in the undertaking or to reclaim the chattel. (Code Civ. Proc. §§ 1703, 1704,

1706.)   If the sheriff delivered the chattel pursuant to law, there was not sufficient time between the dates of the delivery and the sale to comply with the Personal Property Law. On the other hand, does plaintiff claim to be entitled to recover the amount paid on the theory of a rescission of the contract of conditional sale by the seller, which might be spelled out from the facts alleged? If the seller violated the terms of the statute, which becomes a part of the contract, and took possession and sold the chattel in defiance of the provisions of the contract, it might be that he would be liable to return the amount he had received.   If, however, the plaintiff intended the allegation that the sale did not comply with the requirements of the laws of the State, as an allegation of fact, and not as a conclusion of law from the facts theretofore stated, then an issue of fact is raised by the denial in the answer.   The facts can be fully developed upon the trial.

The motion for judgment was properly denied in the present condition of the pleadings and, therefore, the determination of the Appellate Term is affirmed, with costs.

CLARKE, P. J., SCOTT, DOWLING and SMITH, JJ., concurred.

Determination affirmed, with costs.