FRANK H. FREEMAN, Appellant, *v.* LOUIS ENGEL, Respondent.

Fourth Department, November 27, 1918.

**Sale — conditional sale — Personal Property Law, sections 65 and 66, construed — retaking of property by vendor — notice of sale.**

Under the provisions of sections 65 and 66 of the Personal Property Law a vendor who has retaken property under a contract of conditional sale may give notice of sale within the thirty-day period for a sale to occur after the expiration of such period. It is unnecessary to postpone the giving of a notice of sale until after the expiration of the first thirty days after retaking the property.

APPEAL by the plaintiff, Frank H. Freeman, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Erie on the 15th day of February, 1918, sustaining a demurrer to the complaint and dismissing the same, with costs.

*Eugene M. Bartlett,* for the appellant.

*D. N. McNaughtan,* for the respondent.

LAMBERT, J.:

This appeal is from an interlocutory judgment upon the pleadings, sustaining the defendant's demurrer and dismissing the complaint.

The facts as pleaded (and hence conceded) are as follows: May 4, 1917, plaintiff purchased an automobile of the defendant at the agreed price of $850. The transaction was reduced to the form of a written contract which, among other things, provided that the title to the car should remain in the defendant until the entire purchase price therefor should be paid; that default of any payment might permit the defendant to retake possession and declare the entire sum due. On September seventh the plaintiff had paid upon said contract the sum of $500, and on that day the defendant, pursuant to the contract, seized the car. On September 11, 1917, he served a notice in claimed compliance with the statute, advertising that such car would be for sale on the eleventh of October.

· The sale was had on the eleventh of October, pursuant to such notice. The theory of the action is that sections 65 and 66 of the Personal Property Law (Consol. Laws, chap. 41; Laws of 1909, chap. 45) were not complied with and that hence plaintiff is entitled to recover the amount paid upon such purchase prior to the retaking.

By section 65 of the Personal Property Law it is provided that in case of a sale under such a contract as is here involved and of the retaking of the property by the vendor the property " shall be retained for a period of thirty days from the time of such retaking, and during such period the vendee or his successor in interest, may comply with the terms of such contract, and thereupon receive such property. After the expiration of such period, if such terms are not complied with, the vendor, or his successor in interest, may cause such articles to be sold at public auction. Unless such articles are so sold within thirty days after the expiration of such period, the vendee or his successor in interest may recover of the vendor the amount paid on such articles  *  *  *."

By section 66 it is provided: " Not less than fifteen days before such sale, a printed or written notice shall be served  *  *  *."

The precise point of the appeal is the claim of the plaintiff, that, although this property was held by the vendor for thirty days after its retaking, and although fifteen days' notice and more of the sale was given, and although such sale was within the second period of thirty days, still the statute was not complied with in that the notice of the sale was served within the first thirty days.

It is true as claimed by the appellant that this statute was enacted for the benefit of the vendee of personal property. It is remedial in its character and assures to such vendee a redemption period of thirty days following the retaking of the property. It also compels the sale at public auction.

Able counsel for the plaintiff does not produce any case directly sustaining his contention. The closest approach to such is *Lowy* v. *Hardman, Peck & Co.* (176 App. Div. 121), where it seems to have been assumed by the court that the earliest date of sale permissible is forty-five days, that is, that the property must be kept for thirty days and that the notice

of sale cannot be served within that period and is required to be at least a fifteen-day notice, thus making up the forty-five days. Such a conclusion was not essential to the decision of that case and the opinion does not seem to present either argument or authority justifying such construction.

Examining the above-mentioned sections of the statute there will be found therein no express requirement postponing the giving of the notice of sale to the expiration of the first thirty-day period. Neither does there seem to be in the statute any reason apparent for such a conclusion. The primary purpose of section 65 seems to be to assure to the vendee a redemption period of thirty days, and of section 66 a notice of fifteen days of the sale. Very clearly the vendor could not resell the property for the first thirty days and in this instance he has not attempted to. Yet there seems to be no reason apparent for prohibiting the giving of a notice within the thirty-day period for a sale to occur after the expiration thereof.

It seems to me that the plaintiff in this action has had all the rights conferred by these sections and has not been injured in the slightest. I recommend an affirmance, with costs.

All concurred.

Judgment affirmed, with costs.