J. B. VAN DERVEER & SON, INC., Plaintiff, *v.* EUGENE CANZONO, Defendant.

Fourth Department, June 29, 1923.

Sales — conditional sale — action by seller after goods were retaken to recover balance due on purchase price — seller is entitled to recover if he has complied with Personal Property Law of 1909, §§ 65 and 66 — facts as to manner of retaking should have been determined — error to dismiss complaint at close of plaintiff's case.

A conditional vendor may recover the balance of the purchase price of a tractor, in an action brought after the tractor has been retaken, if he has complied with the provisions of sections 65 and 66 of the Personal Property Law of 1909.

It was error to dismiss the complaint and the counterclaim at the close of the plaintiff's case since the facts as to how and under what circumstances the property was retaken and sold should have been determined in order to fix the liabilities of the parties.

MOTION by the plaintiff, J. B. Van Derveer & Son, Inc., for a new trial upon a case containing exceptions, ordered to be heard at the Appellate Division in the first instance after a dismissal of the complaint and a counterclaim by direction of the court upon a trial at the Monroe Trial Term in September and October, 1921.

*Vincent J. Mulvey,* for the plaintiff.

*Salvatore M. Vella,* for the defendant.

DAVIS, J.:

On June 9, 1920, plaintiff sold defendant a tractor, tractor plow and disc harrow for $1,976.20. Payment therefor was made by $176.20 in cash and by twelve promissory notes of $150 each, due each month beginning July ninth. The notes recited that the sale of the property was conditional, the title remaining in the seller, and giving it the right to retake and sell the same in case of default. The buyer agreed to pay any balance on the notes

remaining unpaid after the property was sold. Some of the other provisions in the notes may be disregarded as against public policy, in view of the statute regulating conditional sales. (Pers. Prop. Law of 1909, art. 4; *Crowe* v. *Liquid Carbonic Co.*, 208 N. Y. 396; *Adler* v. *Weis & Fisher Co.*, 218 id. 295; *Nordone* v. *Austin Drainage Excavator Co.*, 184 App. Div. 309.)

This action was brought by the plaintiff to recover the balance due on the notes. The complaint alleges that there had been default in payment; that the property had been retaken under the contract; and by an amendment allowed on the trial, that it had been sold pursuant to the provisions of sections 65 and 66 of the Personal Property Law of 1909. The answer denies generally the allegations of the complaint, alleges failure of consideration of the notes by reason of plaintiff's rescission, and sets up a counterclaim for $176.20, the amount theretofore paid.

The proof establishes, without dispute, that no payments were made on the notes; that the defendant used the property until about November third, when the tractor came into the possession of the plaintiff. As to other material facts the evidence is in dispute. The plaintiff contends that the tractor was taken when defendant was through using it for the season, and at his request that it should be repaired and stored by plaintiff, who had permission to use it for demonstration and exhibition purposes. The defendant claims that the tractor was taken by plaintiff under the authority given it in the contract, and that it exercised absolute ownership over it thereafter.

The plaintiff further claims that it did not take possession of the tractor under the authority of the conditional sale contract until January 28, 1921, when at the request of the defendant who had moved away from the farm, it took also the plow and disc harrow. It was then, so it is claimed, upon failure of the parties to agree on an adjustment of their rights under the contract, that the plaintiff retook the property, notified the defendant that the property would be held for thirty days and thereafter gave the statutory notice of a sale, and proceeded to sell the tractor, plow and harrow at public auction, crediting defendant with the net avails thereof on the total purchase price. The defendant says there was no *bona fide* sale of the property.

These disputed questions of fact need to be submitted to a jury for determination, unless as a matter of law we may say the rights of the parties are definitely fixed. The trial court granted a nonsuit, both as to the plaintiff's cause of action and the defendant's counterclaim.

Contracts of conditional sale at common law furnished almost

unlimited opportunities for fraud on the part of the buyer and for over-reaching on the part of the seller. Statutes have been enacted to protect the rights of the respective parties. (See *Kerby v. Clapp*, 15 App. Div. 37, 40; Laws of 1896, chap. 601; Lien Law of 1897, art. 9, as amd.; Pers. Prop. Law of 1909, art. 4, as amd.; Uniform Conditional Sales Act, being Laws of 1922, chap. 642, adding to Pers. Prop. Law, art. 4, in effect Sept. 1, 1922, but not applicable to existing contracts. See Laws of 1922, chap. 642, §§ 1, 3, 4.)

The policy of the law contemplates that the purchase price of property shall be paid, even where the sale is made on a contract retaining title in the vendor. (Williston Cont. § 735.) If the purchaser performs his agreement, automatically title vests in him. (*National Cash Register Co. v. South Bay C. H. Assn.*, 64 Misc. Rep. 125, 127, 128.) If payments of installments are not made voluntarily, the vendor may sue to recover them without forfeiting his title to the property. (*Ratchford v. Cayuga County Cold Storage & W. Co.*, 217 N. Y. 565.) He may in some courts bring an action to foreclose his lien on the chattels sold. (*Bramhall, Deane Co. v. McDonald*, 172 App. Div. 780.) Under certain circumstances he may bring an action for the conversion of the property, but his recovery is limited to the amount remaining unpaid on the goods. (*Davis v. Bliss*, 187 N. Y. 77.) He may retake the property absolutely in satisfaction of his claim, but then he has made an election of remedies and rescinded the sale (*Ratchford v. Cayuga County Cold Storage & W. Co.*, supra; *Ohl & Co. v. Standard Steel Sections, Inc.*, 179 App. Div. 637), or the consideration of any notes or contract for further payment fails. (*Earle v. Robinson*, 91 Hun, 363; affd., 157 N. Y. 683; *Edmead v. Anderson*, 118 App. Div. 16.)

But if the purchaser makes default in payment, the seller may retake it, not on the theory of rescission, but under the provisions of section 65 of the Personal Property Law of 1909 (the law in effect when the contract was made and at the time of trial). After giving the purchaser an opportunity to comply with the terms of the contract and obtain possession again, if the purchaser fails to do so within thirty days after such retaking, the vendor or his successor in interest on due notice may cause the property to be sold at public auction. In taking such action he is holding and dealing with the property not as an absolute owner but as trustee for the purchaser, and under the statute here applicable the vendor or his successor in interest must so sell the property within thirty days· after the expiration of the first period of thirty days, otherwise the purchaser or his successor in interest is entitled to recover from the vendor the amount paid on the property under the contract. If

the proceeds of the sale exceed the amount of the vendor's or his successor's claims, he must restore the balance to the purchaser or his successor in interest or deposit the same to his credit as prescribed by the statute. (See Pers. Prop. Law of 1909, §§ 65–67; *Ostrander* v. *Bricka,* 224 N. Y. 654; *Warren* v. *Lair,* 190 App. Div. 139; affd., 232 N. Y. 626; *Freeman* v. *Engel,* 185 App. Div. 218; *Tolishus* v. *Rudolph Wurlitzer Co.,* 186 id. 935.)

It is obviously possible for the seller to resume possession of the goods without thereby rescinding the contract. (Williston Cont. § 736.) The buyer has had the use of the property. By reason of that use it depreciates in value. Yet the buyer is bound to pay the price. (Williston Cont. § 964.) If the purchaser has made a substantial payment on the purchase price but is unable to meet further installments, when the seller retakes it as security and sells it as the statute prescribes, he must, as I have said, restore to the purchaser any surplus. If only a small amount has been paid on the purchase price and the value of the property has been impaired by its use by the purchaser, and the seller retakes it and sells it under the same conditions so that the amount of the purchaser's liability may be fixed, I know of no reason why the seller should not be entitled to recover any deficiency arising on a fair sale. The buyer has had but a conditional promise of title, and if as events turn out the condition is not satisfied and the promise calls for no performance, there is no failure of consideration. (*Gutlon* v. *Marcus,* 165 Mass. 335, 336.) The authorities to the effect that the vendor may not recover on notes because of any election of remedies or failure of consideration, are based on the fact that there has been a retaking of the property and the exercise of absolute ownership.

Where the terms of the statute have been complied with, the plaintiff should have the right to recover the balance of the purchase price. (*White* v. *Gray's Sons,* 96 App. Div. 154, 156; *Nelson* v. *Gibson,* 143 id. 894, 898; *International Harvester Co.* v. *Bauer,* 82 Ore. 686; 35 Cyc. 705.) This rule has now become fixed by statute. (Uniform Conditional Sales Act, Pers. Prop. Law, § 80-b, as added by Laws of 1922, chap. 642.)

In this case the defendant expressly agreed to pay any balance on the notes remaining unpaid after the property was sold or if it was burned or otherwise damaged or destroyed after its delivery. Had the property been lost or destroyed, the obligation of the buyer would have survived. (Williston Cont. §§ 736, 965; *Humeston* v. *Cherry,* 23 Hun, 141.) On the same principle the obligation of the defendant to pay any deficiency caused by his own use of the property and its consequent depreciation in value should be

enforcible, no matter whether the property remained in his hands or was sold for his benefit.

On the other hand, if the plaintiff failed to comply with the law regulating the retaking of the property and the sale thereof, the defendant should recover the amount paid. (Pers. Prop. Law of 1909, § 65; *McDougall* v. *Shoemaker*, 202 App. Div. 273.)

I think it is necessary to determine the facts as to how and under what circumstances the property was retaken and sold in order to fix the liability of the parties. In my opinion it was error to dismiss the complaint and the counterclaim without such determination of the facts.

The exceptions of both parties should, therefore, be sustained and a new trial granted as to all issues presented by the pleadings, without costs to either party.

All concur; CROUCH, J., in result.

Exceptions of both parties sustained and a new trial granted as to all issues presented by the pleadings, without costs to either party.