BURROUGHS A. STRICKLAND, as Trustee in Bankruptcy of the Estate of AVERY D. CASE, Appellant, *v.* HARE & CHASE, INCORPORATED, Respondent.

Fourth Department, June 29, 1926.

Sales — conditional sales — property was retaken on default in payment — ten days' notice of sale under Personal Property Law, §§ 76–80-j, not required to be given after ten days' holding for redemption — sale at public auction invalid where property not present.

Where property sold under a conditional sale contract is retaken by the seller because of a default in the payments by the buyer, the seller is not required under sections 76–80-j of the Personal Property Law to await the expiration of the redemption period of ten days after retaking before giving a ten days' written notice of the sale of the property, and a notice of sale given within the redemption period is proper.

But a sale at public auction of property so retaken is not valid where the property is not physically present at the place of the sale.

APPEAL by the plaintiff, Burroughs A. Strickland, as trustee in bankruptcy, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Orleans on the 24th day of February, 1926, upon the dismissal of the complaint at the close of the plaintiff's case, and also from an order entered in said clerk's office on the 19th day of April, 1926, denying plaintiff's motion for a new trial made upon the minutes.

*Harry Cooper*, for the appellant.

*Macomber & Skivington* [*George J. Skivington* of counsel], for the respondent.

PER CURIAM.   The appellant is trustee in bankruptcy of Avery D. Case.   In July, 1924, Case bought an automobile from respondent's assignor for $1,226, under a conditional sale contract.   The vendee made default in payment after making total payments of $726.50.   Respondent retook the automobile without serving a preliminary notice of intention to do so.

Sections 76 to 80-j of the Personal Property Law (as added by Laws of 1922, chap. 642), known as the Uniform Conditional Sales Act, regulate the procedure in such transactions.   Under section 78 the seller " shall retain the goods for ten days after retaking."   Section 79 says: " if the buyer does not redeem the goods within ten days after the seller has retaken possession," the seller shall sell them " at public auction," etc., and that the seller shall· give the buyer " not less than ten days' written notice of the sale."

A notice of holding for redemption was mailed December 22, 1924.   Notice of sale on·January third was mailed December twenty-

fourth. The sale was held in respondent's office in Rochester while the automobile was at Brockport, several miles away. The appellant's action is for damages under section 80-e of the Personal Property Law.

Two questions confront us: (1) Was the vendee entitled to ten days' notice of sale after ten days' holding for redemption? (2) Was there non-compliance with the provision of the Personal Property Law requiring the sale to be " at public auction?"

As to the above question No. 1, appellant's contention cannot be sustained. (*Freeman* v. *Engel*, 185 App. Div. 218.)

In. *Shimer* v. *Mosher* (39 Hun, 153) it is held that under the common law — which also applies to statutory sales when no specific directions are given in the statute — personal property sold at public auction for the purpose of depriving the owner of his title through a tax sale must be physically at the place of sale. To the same effect is *Sherman* v. *Slayback* (58 Hun, 255). The same reasoning applies to the instant case.

The judgment and order appealed from should be reversed on the law and a new trial ordered, with costs to appellant to abide the event.

Present — HUBBS, P. J., CLARK, DAVIS, CROUCH and TAYLOR, JJ. All concur.

Judgment and order reversed on the law and new trial granted, with costs to appellant to abide the event.