COMMERCIAL CREDIT CORPORATION, Plaintiff, *v.* DAVID GOLDBERG,
Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, September 13, 1927.

Sales — conditional sales — retaking and sale — seller not required under Personal Property Law, §§ 78 and 79, to wait ten days after seizure before giving notice of sale.

A conditional vendor is not required by sections 78 and 79 of the Personal Property Law to wait ten days after the seizure of the property for non-payment of installments before giving notice of the sale of the property.

MOTION by plaintiff for summary judgment.

*Dills & Towsley* [*Stephen C. West* of counsel], for the plaintiff.

*Schafran & Rollins* [*Irving L. Rollins* of counsel], for the defendant.

LAUER, J.   This is a motion for summary judgment.   Concerning the essential facts there appears to be no question.   The action involves a car which was retaken by the plaintiff on the 28th day of October, 1926.   If there was a proper tender on the seventeenth day of September of the installment then due, there appears to be no question that on October twenty-eighth the defendant was in default for the installment due October seventeenth.

The question which appears to be involved in the answer of the defendant is whether the plaintiff has complied with sections 78 and 79 of the Personal Property Law (as added by Laws of 1922, chap. 642) and the adequacy of the notice given prior to sale.   The car was sold on November sixteenth, after notice of sale served by mail on the fourth of November.   The plaintiff was in possession of the automobile for nineteen days, and notice was mailed twelve days before sale.

By section 78 of the Personal Property Law the seller is required, under circumstances here applicable, to retain the goods for ten days after retaking them, during which time the buyer has the right to redeem.

I have carefully considered the effect of section 79, and I do not find therein any provision that the notice can only be given after the lapse of the ten days within which the buyer has the right to redeem.

The provision of section 79 is that " The seller shall give to the buyer not less than ten days' written notice of the sale, either personally or by registered mail, directed to the buyer at his last known place of business or residence."

I am of the opinion that the seller is not required to wait until after the ten days within which the buyer may redeem and before he can give the notice.   The only limitation in section 79 in respect to the time of the holding of the sale is the provision that " such sale to be held not more than thirty days after the retaking."

It, therefore, follows that plaintiff is entitled to judgment on its cause of action and for a dismissal of the counterclaim.   Settle order on one day's notice.