WAUKESHA FINANCE CORPORATION, Respondent, vs. SOUTHARD, Appellant.

*September 16—December 9, 1930.*

The cause was submitted for the appellant on the brief of *Young & Volk* of Waukesha, and for the respondent on that of *Salen & Brenner* of Waukesha.

The following opinion was filed October 14, 1930:

ROSENBERRY, C. J. It is the contention of the defendant that by taking the automobile from the Nickels-Reep Motor Company and delivering it to the Smith Motor Sales Company the plaintiff repossessed itself of the car within the meaning of the Conditional Sales Act (sec. 122.16, Stats.), and that never having sold nor offered the same for sale, the plaintiff had elected to retain the goods as its own property; and that in accordance with the provisions of sec. 122.23 the buyer had been discharged of all obligation. The determination of the question presented depends entirely upon the character of the plaintiff's acts in taking possession of the automobile.

It has been held that where the seller of property upon conditional sales contract merely retakes the property to prevent its deterioration and loss, this will not preclude him

from recovering the balance due upon the purchase price. *Jones v. Reynolds* (1907) 45 Wash. 371, 88 Pac. 577; *A. F. Chase & Co. v. Kelly* (1914) 125 Minn. 317, 146 N. W. 1113. See note in 37 A. L. R. 91, 98, 108.

The question of whether or not a retaking of the property by the seller was for his own benefit pursuant to the terms of the contract or as trustee for the buyer is ordinarily a question of fact for the jury. *J. B. Van Derveer & Son v. Canzono* (1923) 206 App. Div. 130, 200 N. Y. Supp. 563; *Lowy v. Hardman, P. & Co.* (1916) 176 App. Div. 121, 162 N. Y. Supp. 461.

Plaintiff did not declare its purpose or intent at the time it took the automobile. Its acts were equivocal. However, its subsequent conduct indicates quite clearly that the automobile was not taken for the purpose of resale. The plaintiff was about to explain the terms of the bailment with the Smith Motor Sales Company when he was stopped by the court. In addition to other matters, the court properly took into consideration the fact that the defendant departed from the state without any attempt to regain possession of the automobile or making any inquiry in regard to it. It was at all times subject to his disposal.

The court upon all the testimony was of the opinion that the plaintiff had, as it claimed, taken possession merely for the purpose of decreasing the amount of storage charges which might accrue against it and was at all times claiming the full amount of the purchase price from the defendant, and upon the whole evidence found that the plaintiff had not repossessed itself of the property within the meaning of the statute. It is considered that the finding of the trial court is supported by the evidence.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on December 9, 1930.