UPTOWN TRANSPORTATION CORPORATION, Plaintiff, *v.* FISK DISCOUNT CORPORATION, Defendant.

Supreme Court, New York County, March 10, 1934.

*Herman Schneckner,* for the plaintiff.

*Woodruff & Grill [Zarah Williamson* of counsel], for the defendant.

COLLINS, J. Motion for reargument granted; on such reargument the original decision is adhered to.

The action is by a conditional sale buyer to recover from the seller " one-fourth of the sum of all payments which have been made under " a conditional sale contract. The basis of the action

is that the seller sold the property in violation of sections 78 and 79 of the Personal Property Law.

The facts are free from dispute. The sole question presented involves a construction of these sections.

The subject-matter of the sale was taxicabs. They were retaken by the seller on December twenty-seventh and resold at four o'clock on the afternoon of the following January sixth.

Section 78 requires the seller to " retain the goods for ten days after the retaking * * * during which period the buyer, upon payment * * * of the amount due under the contract * * * may redeem the goods and become entitled to take possession of them and to continue in the performance of the contract as if no default had occurred." Under section 79, " If the buyer does not redeem the goods within ten days after the seller has retaken possession, * * * the seller shall sell them at public auction * * * such sale to be held not more than thirty days after the retaking. The seller shall give to the buyer not less than ten days' written notice of the sale, either personally or by registered mail." The plaintiff maintains that under these sections the property cannot be resold until after the expiration of *twenty days* from the time of retaking, whilst the defendant insists that the two ten-day periods run concurrently, and that, accordingly, the sale may occur after the expiration of *ten days*.

In granting the plaintiff's motion for summary judgment, I held: " Motion for summary judgment granted. It seems to me that sections 78 and 79 of the Personal Property Law fix the minimum period at which property transferred under a conditional sale contract may be sold, as twenty days after the retaking. The first ten days is the redemption period and the second is allowed for advertising the sale. To hold that the ten-day periods run concurrently would be unreasonable and would clash with the plain language and design of the law."

On this motion for reargument I have accorded further consideration to the arguments advanced by the defendant, but perceive no reason for receding from the conclusion heretofore reached. That conclusion is based upon:

(1) The plain language and purpose of the law. " If the buyer does not redeem " seems to me to express clearly that the ten-day exemption period must expire before the property can be advertised for sale. If, as the defendant urges, the two periods run concurrently, when *precisely* does the time within which to redeem expire? Has the buyer until midnight of the tenth day? If so, could the seller, practicably, even if legally, sell that day? Why go to the expense of advertising and marshaling prospective bidders if the

property, until the last moment, is subject to redemption and might actually be redeemed?

It is incredible to me that the law intends that the expiration of the time to redeem and the time to sell may converge at precisely the identical second. A reasonable construction is that the buyer has ten days within which to redeem, *after which* the seller may advertise to sell. This enactment is not immune from the rule of reasonable construction. Section 78 seeks to protect the buyer by giving him an opportunity to redeem, whilst section 79 protects the seller by not subjecting him to the expense of advertising and inviting bidders until the expiration of the exemption period.

So jealous is the law of the redemption period, and so zealous is it to hold it inviolate, that a provision in a conditional sale contract waiving the redemption period has been condemned and adjudged nugatory as against public policy.

In *Crowe* v. *Liquid Carbonic Co.* (154 App. Div. 373; affd., 208 N. Y. 396), which construed such a provision (at the time thirty days' notice was required), it was said: " The contract purported to waive this provision of the statute as to retaining the property for thirty days after retaking it and selling it for the vendee's benefit, but provided that upon such retaking the vendee's right to comply with the terms of the contract and thereupon receive said property is expressly waived. This statute was passed pursuant to a wise public policy. It was known that property was frequently sold upon conditional sales, and after the vendee had nearly paid for it, the vendor would seize and resell it, and the vendee would lose the property and the payments as well. The Legislature evidently realized that the persons making this class of contracts were at a disadvantage and were not entirely in a position to adequately take care of themselves by exacting favorable terms for such a contract, and, therefore, the law provided what should be the effect of such a contract and in what manner and how the vendor might retake and sell the property. If by an executory contract the provisions of the statute may be waived in advance, it practically nullifies the statute because a waiver will always be found. The authorities indicate that such a waiver by executory agreement in advance of default and at the time of making the contract is against public policy and ineffectual, and we so hold. (*Roach* v. *Curtis*, 115 App. Div. 765; 191 N. Y. 387; *Hurley* v. *Allman Gas Engine & Machine Co.*, 144 App. Div. 300.)" (See, also, *Lowy* v. *Hardman-Peck & Co.*, 176 App. Div. 121.)

Bogert in his Commentaries on the Conditional Sales Act, says: " It was the intention of the draftsman of the Act to provide * * * a foreclosure sale system, for the purpose of protecting the equity

of the conditional buyer and insuring the return to him of such proportion of his part payments as are equitably due him." (§ 117, p. 159.)

(2) Even if the defendant's construction of these two sections be adopted, it is patent that the provisions were violated, because the property was retaken on the twenty-seventh and sold on the following sixth. Thus, ten full days did not elapse between the time of retaking and the time of sale.

Section 20 of the General Construction Law provides that in computing "A number of days specified as a period from a certain day within which or after or before which an act is authorized or required to be done means such number of calendar days exclusive of the calendar day from which the reckoning is made. Sunday or a public holiday, other than a half holiday, must be excluded from the reckoning if it is the last day of any such period, or if it is an intervening day of any such period of two days. In computing any specified period of time from a specified event, the day upon which the event happens is deemed the day from which the reckoning is made. The day from which any specified period of time is reckoned shall be excluded in making the reckoning."

It will be seen that in the cases relied upon by the defendant at least ten full days' notice was given. Thus, in *Freeman* v. *Engel* (185 App. Div. 218) (based on the former thirty-day requirement) the property was retaken on September seventh, and sold October eleventh. Since the calculation proceeds from the time of retaking, at least full thirty days' notice was given. In *Strickland* v. *Hare & Chase, Inc.* (217 App. Div. 196) (based on the present sections) the property was retaken December twenty-second and the sale occurred on the following January third. Thus, at least full ten days' notice was given. And in *Commercial Credit Corporation* v. *Goldberg* (130 Misc. 597) the property was retaken October twenty-eighth; notice of the sale was given by mail November fourth, and the sale occurred November sixteenth. Said the court: " The plaintiff was in possession of the automobile for nineteen days, and notice was mailed twelve days before sale."

" The pith of this arbitrary rule [General Constr. Law, § 20] is the inclusion of one day and the exclusion of the other unless the statute governing a particular case unmistakably regulates the matter otherwise." (*Jones* v. *Wallace*, 75 App. Div. 401.) Here, however, the property having been retaken on December twenty-seventh and sold on the following January sixth, the full ten days' notice was not given. Therefore, taking either view, the sale was premature and ineffectual.

(3) Finally, the sale occurred at four o'clock of the afternoon of

the sixth. If the plaintiff had — as he did have — all of the sixth within which to redeem, what would have happened had the plaintiff appeared at four-thirty, or at any time *that day* after the sale and offered to redeem? "A calendar day includes the time from midnight to midnight." (General Constr. Law, § 19.) Twenty-four hours constitutes a full day. (*Matter of Norton,* 34 App. Div. 79; appeal dismissed, 158 N. Y. 130.) What occurred here tellingly illustrates not only the wisdom of according the sections the interpretation here given them, but the chaos and injustice which would ensue if the defendant's interpretation be accepted.

I am not unmindful that this determination conflicts (partially at least) with the rulings of the Fourth Department (*Freeman* v. *Engel, supra*); *Strickland* v. *Hare & Chase, Inc.* (*supra*) and one of the justices of the Municipal Court (*Commercial Credit Corp.* v. *Goldberg, supra*), and it is with deference and reluctance that I depart therefrom. But in view of what I regard as the explicit terms and obvious design of the mandate, and considering corresponding findings by the Court of Appeals and by the First Department, I cannot, in conscience, embrace those contrary conclusions. The defendant is allowed a stay of ten days from the service of a copy of the order entered hereon with notice of entry.