INTERNATIONAL HARVESTER COMPANY OF AMERICA, Plaintiff, *v.* WILLIAM E. CAREY and Another, Defendants. (Two Actions.)

INTERNATIONAL HARVESTER COMPANY OF AMERICA, Plaintiff, *v.* EDWARD V. CAREY CONTRACTING CORPORATION and Others, Defendants.

Supreme Court, Special Term, Albany County, February 29, 1936.

*Louis F. O'Neill,* for the plaintiff.

*Reuss & LeFevre,* for the defendants.

BERGAN, J. Plaintiff moves for a summary judgment in three actions, the essential facts in which are the same and which are not in dispute. Defendants, by cross-motions, apply for summary judgment dismissing the complaints. The determination of the respective motions require a construction of sections 78 and 79 of the Personal Property Law.

On February 26, 1935, the International Harvester Company of America, acting upon the default of the terms of conditional contracts of sale to the defendants, repossessed certain trucks referred to in the pleadings. Eight days later, on March 6, 1935, the seller served upon the buyers notices of public sale. The following day, on March seventh, the notices of sale were posted and on the same day notices of the sale were published in the *Times-Union,* a newspaper having a general circulation within the county of Albany. These notices were to the effect that on the 23d day of March, 1935, the motor trucks would be sold at public auction. The sale was held in accordance with the notices and plaintiff sues for deficiency judgment.

The defendants contend that the seller did not comply with the provisions of section 79 of the Personal Property Law, and that the seller should have waited until the ten days in which the buyers could have redeemed the property within the provisions of section 78 had expired before giving the notice of sale at public auction. With this conclusion I do not agree.

The purpose of sections 78 and 79, read together, are: (a) That the buyer may have ten days after repossession to redeem the property conditionally sold; (b) that the buyer shall have at least ten days' notice of the sale. The mere giving notice of sale at public auction did not in any manner preclude the buyers from exercising their right of redemption within ten days of the repossession, as provided by section 78 and it did not affect the right of redemption. That the buyers might have redeemed after the seller had gone to the expense of giving and publishing notices was a risk that the seller took.

Further, the notices complied with the provisions of section 79 in that the buyers were given written notice of sale not less than ten days from the time of the notice and the sale itself was held twenty-five days after the repossession, and within the thirty-day period provided by section 79.

Assuming that the view expressed in *Uptown Transportation Corp.* v. *Fisk Discount Corp.* (150 Misc. 829) is correct and the ten-day periods provided by sections 78 and 79 are successive, and, hence, the minimum time at which the sale can be had is twenty days after the repossession, the time of the sale itself is controlling rather than the time of the notice of sale. In the *Uptown Transportation* case the chattels were retaken on December twenty-seventh, and sold on January sixth. In writing the opinion of the court, Judge COLLINS said: "A reasonable construction is that the buyer has ten days within which to redeem, *after which* the seller may advertise to sell." This construction should not be applied to a case where the sale is actually held at a time after the taking in which the ten days of redemption allowed by section 78 and the ten days' notice of sale provided by section 79 have both fully run consecutively. The court in the *Uptown Transportation* case was attempting to construe the sections in such manner as to prevent a merging of the two ten-day periods that would shorten the time at which a sale might be held. It is significant that the text of section 79 provides that " if the buyer does not redeem the goods within ten days * * * the seller shall sell them at public auction." It is apparent that the period of redemption relates to sale and not to the notice of sale. With reference to notice it provides: " The seller shall give to the buyer not less than ten days' written notice of the sale."

Although the Personal Property Law with respect to this subject was quite generally revised by the enactment of chapter 642 of the Laws of 1922, which was an adoption of the Uniform Conditional Sales Law by New York, the principle here involved is similar to that of the preceding statute of this State, the former sections 65 and 66 of the Personal Property Law. Section 65 provided that, upon the retaking, the property might be redeemed during a period of thirty days from the time of such retaking and during such period the conditional vendee might comply with the terms of the contract and receive the property. Section 66 provided that not less than fifteen days before such sale a notice should be served. In substance this statute was the same as the present one with respect to redemption and notice of resale, notwithstanding a change in the text and the periods of time provided. In *Freeman* v. *Engel* (185 App. Div. 218) the Appellate Division, Fourth Department, said (at p. 220): " Examining the above-mentioned sections of the statute, there will be found therein no express requirement postponing the giving of the notice of sale to the expiration of the first thirty-day period." (The period of redemption.)

The court further said: " The primary purpose of section 65 seems to be to assure to the vendee a redemption period of thirty days, and of section 66 a notice of fifteen days of the sale. Very clearly the vendor could not resell the property for the first thirty days and in this instance he has not attempted to. Yet there seems to be no reason apparent for prohibiting the giving of a notice within the thirty day period for a sale to occur after the expiration thereof."

I conclude, therefore, that the giving of the notice of sale eight days after the repossession of the chattels did not invalidate the sale and I am satisfied that the sale itself complied with the provisions of the statute.

Accordingly, the motions of the plaintiff in each of the above-entitled actions for summary judgment against the defendants are granted, and the motions of the defendants denied, each without costs.

Submit order.